438 A.2d 592

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Bradley BROWN.**

Supreme Court of Pennsylvania.

Argued Oct. 19, 1981.

Decided Dec. 17, 1981.

8

Eric Henson, Deputy Dist. Atty., Nancy D. Wasser, Asst. Dist. Atty., for appellant.

John W. Packel, Chief, Appeals Div., Leonard Sosnov, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

On January 28, 1977, appellee, Bradley Brown, was convicted in a non-jury trial of robbery, aggravated assault and criminal conspiracy. These convictions arose out of appellee's participation in the beating and robbery of one Lamar Brown which ended with the victim, Lamar Brown, being run over and killed by a bus after his attackers left him lying unconscious in the street. Post-verdict motions were denied and appellee received consecutive sentences of four to ten years imprisonment for robbery and five years probation for criminal conspiracy.[1] On appeal, the Superior Court held that appellee's rights under Rule 1100, Pa.R.Crim.P. had been violated, reversed the judgments of sentence and discharged appellee. *Commonwealth v. Brown*, 264 Pa.Super.Ct. 127, 399 A.2d 699 (1979). We granted the Commonwealth's petition for allowance of appeal and we now reverse.

The procedural history of this case is as follows. After evading police for over one year, appellee was arrested and a complaint was filed against him on April 3, 1976. The last day for trial under Rule 1100 was 180 days thereafter, on September 30, 1976.[2] On September 24, 1976, with just six days left to run under Rule 1100, appellee obtained a continuance and waived Rule 1100 until November 15, 1976.[3] The period of September 24, 1976 through November 15, 1976

1. The trial court imposed no sentence for aggravated assault because it determined that this conviction merged into the conviction for robbery.

2. Rule 1100(a)(2) provides:
   Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

3. This waiver appears in the record, in writing, signed by appellee.

was thus excluded from the running of the 180 days under Rule 1100.[4] At the conclusion of this period on November 15, 1976, the rule again began to run for the six days remaining under Rule 1100, thus advancing the last day for trial to November 22, 1976.[5]

On November 15, 1976, the trial court heard appellee's motion to suppress. After granting the motion in part and denying it in part, the trial judge made the following pronouncement in open court which ended the hearing:

> I am not even going to ask you if you are going to go to trial at this time because I do believe I have resolved an issue in favor of the Commonwealth and against the defendant, which may have an effect on me if I heard the trial in chief. Accordingly ... this case is continued to 12–15 [December 15] in Room 446.

Neither party responded to this pronouncement.

On November 30, 1976, appellee filed a motion to dismiss the charges against him under Rule 1100.[6] This motion was denied. On December 15, 1976, trial was postponed, apparently because the judge was ill, and appellee waived Rule 1100 until January 6, 1977. Despite the fact that the complaint against appellee had been pending since April 3, 1976, appellee and his counsel were still not prepared for trial on January 6, 1977. On that date appellee filed a petition for a continuance, stating "my attorney needs further preparation," along with another waiver of Rule 1100

---

**4.** The exclusion of "any period of time for which the defendant expressly waives Rule 1100" has now been expressly incorporated into Rule 1100. *See* Rule 1100(d)(2), Pa.R.Crim.P., amended October 22, 1981, effective January 1, 1982.

**5.** The 180th day under Rule 1100 was actually November 21. However, since November 21 was a Sunday, that day was omitted from the computation of the run time under Rule 1100. *See* 1 Pa.C.S.A. § 1908.

**6.** Rule 1100 (f) provides:
   At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated ....

until March 6, 1977. Trial finally took place on January 28, 1977.

In this appeal, the Commonwealth challenges the Superior Court's discharge of appellee. The Superior Court held that appellee's rights under Rule 1100 had been violated because appellee had never waived his rights under the rule during the period of November 15 through December 15, and because the Commonwealth had failed to bring appellee to trial by November 22. We disagree.

■ It is clear that "Rule 1100, like the right to a speedy trial which it protects, may be waived." *Commonwealth v. Myrick*, 468 Pa. 155, 159, 360 A.2d 598, 600 (1976). There are no formal requirements for a valid waiver of Rule 1100; "[s]o long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity." *Id.*, 468 Pa. at 160, 360 A.2d at 600.

■ In this case, appellee and his counsel sat in open court and listened to the judge announce a trial date beyond the last day for trial under Rule 1100, yet they said nothing. This silence on November 15 constituted a waiver of Rule 1100 until the December 15 trial date. Furthermore, this waiver was informed and voluntary: having already expressly and validly waived his rights under Rule 1100 on September 24, it is beyond question that on November 15 appellee already understood the nature and scope of his rights under Rule 1100, as well as the consequences of waiving those rights.

■ While it is true that a defendant has no duty to bring himself to trial, *see Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976),[7] a defendant has no right to mislead the court and the Commonwealth as to the suitabili-

---

7. Under both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution, "[t]he Commonwealth cannot place the burden on the accused to bring himself to trial." 469 Pa. at 253, 364 A.2d at 1365.

ty of a particular trial date once that date has been set. We conclude that appellee waived his rights under Rule 1100 from November 15 until December 15, and that there was, therefore, no violation of Rule 1100 when appellee was not brought to trial before the final Rule 1100 run date of November 22.

Our conclusion that appellee's silence on November 15 constituted a valid waiver of his rights under Rule 1100 is strengthened by the fact that appellee was not prepared to proceed to trial during the period mandated by Rule 1100. This Court adopted Rule 1100 *"in order to more effectively protect the right of criminal defendants to a speedy trial* and also to help eliminate the backlog in criminal cases in the courts of Pennsylvania." *Commonwealth v. Hamilton*, 449 Pa. 297, 308, 297 A.2d 127, 133 (1972) (emphasis added).

Yet, in this case appellee was still not prepared for trial as late as January 6, 1977, a full 278 days after the complaint had been filed against him. Appellee suffered no violation of his right to a speedy trial; he himself was not prepared to take advantage of that right. Rather, appellee was only prepared to exploit the rule adopted to protect that right by acquiescing in the December 15 trial date, thereby ensuring that the Commonwealth would not bring him to trial before November 22, and then petitioning for his discharge once 180 days had elapsed.

Our conclusion is further strengthened by the fact that the December 15 trial date was set solely for the benefit of appellee. As the record of proceedings following appellee's suppression hearing indicates, the *only* reason the trial in this case was postponed until December 15 was to ensure appellee a fair non-jury trial before an impartial judge who had not already reviewed evidence adjudged inadmissible against him.

This Court will not allow the gamesmanship of a concededly guilty defendant to govern the conduct of criminal

proceedings, nor will it permit a defendant, by virtue of such gamesmanship, to flaunt his guilt in the face of the judicial system, the Commonwealth, and the citizens of Pennsylvania.[8]

The judgment of the Superior Court is reversed and the judgments of sentence against appellee are reinstated.[9]

O'BRIEN, C. J., and WILKINSON, J., concurred in the result.

ROBERTS, J., dissents and would affirm the order of Superior Court.

**8.** Appellee openly concedes his guilt in his brief before this Court. Appellee describes his trial as follows: "At that trial the Commonwealth offered sufficient evidence to support the verdicts of guilty on Informations 136 through 138 of May Sessions 1976 charging robbery, assault and conspiracy; the sufficiency of evidence is not contested, nor are any evidentiary issues pressed on appeal."

**9.** The Commonwealth also contends that the Superior Court erred in assuming jurisdiction over the judgment of sentence for robbery in case number 137, since that case was not named in appellee's notice of appeal. The following is a reproduction of that portion of appellee's notice of appeal to the Superior Court which describes the subject matter of appellee's appeal:

CRIMINAL TRIAL DIVISION NO.

May, 1976 Nos. 136 & 138
(Term and Number)

CHARGE:   Asslt, Consp.

The Superior Court considered the "&" sign between "136" and "138" to be a mere clerical error which did not prevent it from assuming jurisdiction over the judgment of sentence for robbery, case number 137, as well as over case numbers 136 and 138. *Commonwealth v. Brown, supra,* 264 Pa.Super.Ct. at127 n. 1, 399 A.2d at 699 n. 1. In view of our disposition of this appeal, we find it unnecessary to rule on the merits of this issue.