446 A.2d 895

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David ROBINSON.**

Supreme Court of Pennsylvania.

Argued April 13, 1982.

Decided June 25, 1982.

Eric B. Henson, Deputy Dist. Atty., for appellant.

John W. Packel, Chief, Appeals Div., Leonard Sosnov, Asst. Public Defender, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The Commonwealth appeals, by allowance, from an order of the Superior Court, 269 Pa.Super. 398, 410 A.2d 316, directing the discharge of appellee, David Robinson, on the ground that the Commonwealth failed to comply with this Court's prompt trial rule, Pa.R.Crim.Proc. 1100. We conclude that the Superior Court erred.

### I

Police filed written criminal complaints against appellee on October 26, 1974. Indictments were returned on November 20, 1974.

On December 24, 1974, the matter was set for trial by jury in the Court of Common Pleas of Philadelphia. However, the unavailability of a courtroom required a continuance, to February 3, 1975. Two more continuances followed, both of which were entered because of the unavailability of a courtroom. The second of the latter two continuances, entered on March 13, 1975, postponed the matter until April 15, 1975, the 171st day after the filing of the written complaints.

Docket entries indicate that on April 15 the matter was again continued, to May 19, 1975. This continuance was granted at the request of the defense. Accompanying the entry of this continuance is a notation which states "Rule 1100 waived."

A notation on one of the indictments against appellee states: "Def't waives Rule 1100—for additional 30 days (to 5/23/75)." Following this notation are the signatures of appellee and his counsel. It would appear that the "waiver" referred to took place on April 23, the thirtieth day preceding "5/23/75" and the 179th day after the filing of the complaints.

The next relevant docket entry indicates that on May 20, 1975, both the Commonwealth and appellee "answered ready" and the matter proceeded to the disposition of pretrial motions, including a suppression motion. Disposition of the motions was completed by May 23. On that date, the defense requested another continuance. The request was granted and the matter was continued to June 30, 1975. A notation dated May 23, 1975, followed by appellee's signature, states, "Def't waives Rule 1100." The May 23 notation appears on the same indictment that contains the notation, "Def't waives Rule 1100—for additional 30 days (to 5/23/75)."

On June 30, 1975, the parties "answered ready." The case was set for trial on "backup" status behind two other cases.

On July 15, 1975, appellee filed a motion to dismiss charges pursuant to Pa.R.Crim.Proc. 1100(f). The petition stated that "[d]efense counsel [had] agreed to the extension of the time period until June 30, 1975," but averred that "[a]ll the 'court' continuances," presumably including the June 30 placement of the case on backup status, "must be counted . . . against the Commonwealth . . . ." The court of common pleas denied the petition on July 16, 1975. The record indicates that voir dire commenced that day, the 263rd day after the filing of the complaints, and that the presentation of evidence began on July 17, the 264th day.

After the jury returned its verdicts of guilty, appellee filed written post-verdict motions in which he renewed his claim that the Commonwealth had failed to comply with Rule 1100. In denying relief, the post-verdict court proceeded on the belief that trial had commenced in 238 days. This 238-day figure reflected the court's view that Rule 1100's 180-day period had begun to run on November 20, 1974, the date on which the indictments against petitioner were returned, and ended on July 16, 1975, when voir dire began.

From the 238 days the court excluded eight of the thirty-eight days consumed by the first defense-requested continuance from April 15, 1975, to May 23, 1975. In excluding only eight of the thirty-eight days, the court relied upon the thirty-day "grace period" of Pa.R.Crim.Proc. 1100(d)(2).[1] The court did not consider the notation, "Rule 1100 waived," that had been entered upon the first defense-requested continuance.

The court also excluded the entire period of thirty-eight days consumed by the second defense-requested continuance from May 23, 1975, to June 30, 1975, as well as the sixteen remaining days that the case had been on "backup" status before the commencement of voir dire on July 16, 1975. These exclusions were predicated upon the court's view that on May 23, 1975, appellee "waived Rule 1100 with no stipulation as to time limit."

Subtracting the above periods totalling sixty-two days from 238 days, the post-verdict court concluded that trial had commenced in 176 days. Thus it reaffirmed the denial of appellee's Rule 1100 claim.

1. Section (d)(2) of Rule 1100 then provided for the exclusion of periods of delay resulting from continuances in excess of thirty days, "provided that only the period beyond the thirtieth (30th) day shall be so excluded." Rule 1100 has recently been amended to eliminate this thirty-day "grace period":

"In determining the period for commencement of trial, there shall be excluded therefrom ... such period of delay at any stage of the proceedings as results from ... any continuance granted at the request of the defendant or his attorney."

Pa.R.Crim.Proc. 1100(d)(3).

On appellee's direct appeal, the Superior Court proceeded on the assumption that 264 days had elapsed for Rule 1100 purposes. This assumption reflected the view that the start of the Rule 1100 period was marked by the filing of the written complaints, rather than the return of the indictments, with the end of the Rule 1100 period being marked by the presentation of evidence, rather than the commencement of voir dire.

The Superior Court held that, of the 264 days, only seventy-six were excludable, and that trial had thus commenced on the 188th day, in violation of the Rule. The seventy-six excluded days represent the duration of all defense-requested continuances that were accompanied by "waivers" of Rule 1100 rights. Not excluded were the days between the expiration of the second of the two defense continuances and the commencement of trial. While the trial court had excluded these days on the basis of the belief that appellee had "unconditionally" waived his Rule 1100 rights, the Superior Court held that appellee's waiver was effective only through June 30, 1975, the date to which the matter had been continued a second time at the request of the defense.

Following our grant of allowance of appeal, the parties submitted briefs pursuant to the briefing schedule provided by Pa.R.A.P. 2185. At oral argument, this Court granted the parties leave to file supplemental briefs addressing *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981), a recent decision of this Court interpreting Rule 1100.

## II

Preliminarily, it must be pointed out that the post-verdict court erred in determining that November 20, 1974, the date on which the indictments against petitioner were returned, was the start of the Rule 1100 period. Both the language of our Rule and our case law are clear that Rule 1100's 180-day period commences on the date that a written complaint is filed or that criminal proceedings are otherwise initiated. Pa.R.Crim.Proc. 1100(a)(2); *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977). It must also be

pointed out that the Superior Court erroneously deemed July 17, 1975, the date on which the presentation of evidence began, to be the start of trial for purposes of Rule 1100. Comment to Rule 1100 expressly provides that "[a] trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire...."

Here, written complaints against appellee were filed on October 16, 1974, and the parties began jury selection on July 16, 1975. The 263 days which elapsed between these dates comprise the period relevant to the determination of whether Rule 1100 has been violated.

Appellee concedes that, under *Commonwealth v. Brown*, supra, the Superior Court properly excluded the seventy-six days consumed by the two defense-requested continuances.[2] Thus the sole period in dispute is the sixteen-day period from June 30, 1975, to July 16, 1975, when, from the expiration of the second defense-requested continuance to the commencement of voir dire, the matter was on "backup" status behind two other cases.

■ By making this case turn on the issue of whether appellee waived his Rule 1100 rights during the sixteen-day period of delay between the expiration of the second defense-requested continuance and the commencement of voir dire, both the post-verdict court and the Superior Court assumed that, absent a valid waiver of Rule 1100 rights by appellee, Rule 1100 does not allocate the responsibility for the sixteen-day delay to appellee. At the time of trial, section (d) of Rule 1100 provided:

2. In *Brown*, at the close of a pre-trial proceeding on the defendant's suppression motion, the judge presiding over the motion continued the matter sua sponte beyond the last day for trial under Rule 1100 out of a stated concern for his ability to try the facts impartially. The defendant, who, along with counsel, was present in court at the time that the judge entered the continuance, had executed a valid waiver two months earlier of his rights under Rule 1100. From the silence of the defendant and his counsel at the time that the continuance was entered, a majority of this Court inferred that the defendant had validly waived his Rule 1100 rights.

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

In interpreting subdivision (1), this Court has made it clear that the period of excludable days is not necessarily measured by the length of time that a defendant was "unavailable." Instead, once it is determined that the defendant was unavailable, the critical inquiry is whether actual delay resulted from the defendant's unavailability. "If the 'unavailability' results in an actual delay in the proceedings, that delay is automatically excluded." *Commonwealth v. Millhouse*, 470 Pa. 512, 517, 368 A.2d 1273, 1276 (1977). So, too, under subdivision (2) it must be concluded that although a defense-requested continuance which exceeds thirty days serves as a triggering device for exclusion, the number of days to be excluded is not governed solely by the length of the continuance. Rather, as under subdivision (1), the number of days to be excluded is that "period of delay . . . as results from" the continuance. Cf. *Commonwealth v. Wade*, 475 Pa. 399, 405–406, 380 A.2d 782, 785 (1977) (excludable delay caused by open-ended continuance measured from date of continuance request to end of delay). Here, therefore, the critical question is whether the sixteen-day period of delay "result[ed] from" a defense-requested continuance.

On this record, it appears that on May 23, 1975, upon the close of pre-trial motions, this matter would have proceeded to trial if appellee had not requested and been granted a second continuance. That continuance necessitated the placement of the matter on "backup" status behind two cases. Consistent with the court's business, those two cases were disposed of without undue delay, in sixteen days, and the trial of this case commenced immediately thereafter. The sixteen-day period during which the matter was on "backup" status must, therefore, be attributed to appellee.

As appellee has conceded that his waiver of Rule 1100 rights on May 23, 1975, was effective, appellee must be charged with the entire fifty-four day period of delay resulting from his second continuance request, through June 16, 1975, the date on which voir dire began. Excluding these fifty-four days of delay and the thirty-eight days of delay resulting from the first continuance, we conclude that trial commenced on the 171st day, within the 180-day period of Rule 1100.

Order of the Superior Court vacated and case remanded to that court for the disposition of any remaining claims of error.

NIX, J., concurs in the result.