463 A.2d 999

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Aaron MINES, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 28, 1983.

Decided July 1, 1983.

Zappala's Concurring Opinion
Aug. 22, 1983.

42

Eric B. Henson, Deputy Dist. Atty., Garrold Tennis, Asst. Dist. Atty., for appellant.

John W. Packel, Asst. Public Defender, Chief, Appeals Div., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

NIX, Justice.

This is a Commonwealth appeal, by allowance, from the Order of the Superior Court, 282 Pa.Super. 157, 422 A.2d 876, which reversed the judgments of sentence entered by the Court of Common Pleas of Philadelphia and discharged appellee, Aaron Mines, because of an asserted Rule 1100 violation. Pa.R.Crim.P. 1100.

Appellee was tried and convicted of robbery and conspiracy arising out of an armed hold-up of a number of persons engaged in a dice game outside of a Philadelphia grocery

store on September 26, 1977. On September 27, 1977 the criminal complaint was filed and the original run-date for purposes of Rule 1100(a)(2)[1] was March 27, 1978.

After three continuances,[2] a preliminary hearing was held on October 28, 1977. Appellee was arraigned on November 15, 1977. On December 2, 1977, upon appellee's request, a continuance was granted until December 29, 1977. On December 29, 1977 the Commonwealth was granted a continuance until February 2, 1978 because one of the arresting officers had been injured on duty. On February 2, 1978, another continuance, until February 15, 1978, was granted because one of the complaining witnesses failed to appear. On February 16, 1978, appellee's motion to suppress was heard. On March 9, 1978, appellee requested a continuance, granted until April 21, 1978, in order to obtain the notes of testimony from the suppression hearing. On March 15, 1978, the Commonwealth filed a petition to extend the time for trial, pursuant to Rule 1100(c), until April 22, 1978. An answer was filed by appellee's attorney and on April 7, 1978, after a hearing, the court granted the petition and extended the run-date until May 27, 1978.[3]

On Friday, April 21, 1978, appellee's case was called for trial in a jury "waiver" courtroom. When the proceeding began, appellee for the first time requested to be tried by a jury. Because of the lateness in the day, a jury could not be assembled. The case was therefore sent to the jury listing

1. Rule 1100(a)(2) provides:
   Trial in a court case in which a written complaint is filed against the defendant ... shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

2. The preliminary hearing was originally scheduled for October 3, 1977 but was continued until October 14, 1977 because the complainant failed to appear. On October 14, 1977 the judge refused to hear the case and it was continued until October 24, 1977. On October 24, 1977, the complainant again failed to appear and the case was continued until October 28, 1977 when the preliminary hearing took place.

3. Although the Commonwealth's petition requested an extension until April 22, 1978, the court extended the run-date until May 27, 1978 apparently because a co-defendant's case also had been extended until May 27, 1978.

courtroom and a jury trial began on Monday, April 24, 1978, the very next court day. Appellee was convicted. On appeal, a panel of the Superior Court[4] held that the lower court improperly granted the Commonwealth's March 15, 1978 petition to extend the time for trial because of the Commonwealth's failure to allege and prove due diligence as required by Rule 1100(c).[5]

The Superior Court panel, invalidating the extension, then held the new run date should have been April 21, 1978, the date on which appellee's request for continuance expired.[6] Therefore, according to the panel, because trial did not begin until April 24, 1978, Rule 1100 had been violated and appellee was discharged. The panel also rejected the Commonwealth's argument that appellee's decision to request a jury on April 21, 1978 was unexpected and that the Commonwealth exercised due diligence in empaneling a jury and proceeding to trial on the very next day of court, April 24, 1978.[7] Judge Van der Voort dissented from the holding of the majority that trial did not commence until Monday, April 24, 1978, and would have held trial to have commenced on Friday, April 21.

**4.** Judge Spaeth authored the majority opinion which was joined by Judge Brosky. Judge Van der Voort filed a dissenting opinion.

**5.** Rule 1100(c) provides:
At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

**6.** The panel held that by requesting a continuance, appellee acquiesced to the delay of trial from the original run date of March 27, 1978 until April 21, 1978.

**7.** In the alternative, the Commonwealth requested a remand in order to prove due diligence in bringing appellee to trial on April 24, 1978. This request was denied because no petition for extension had been filed prior to April 21, 1978. *See* Rule 1100(c) *supra,* n. 5.

On appeal to this Court, the Commonwealth does not challenge the Superior Court panel's conclusion that the March 15, 1978 petition to extend the time for trial was erroneously granted. Rather, the Commonwealth argues that (1) appellee waived the Rule 1100 issue as it related to the alleged one day delay between Friday, April 21, 1978 and Monday, April 24, 1978 because he did not file a motion to dismiss the charges; (2) for purposes of Rule 1100 trial "commenced" on Friday, April 21, 1978 and (3) the delay was attributable to appellee's requested continuance on March 9, 1978. We agree with the third argument offered by the Commonwealth and consequently reverse the order of the Superior Court.

On Friday, April 21, 1978, all parties were present and ostensibly prepared to proceed. The only reason preventing trial from actually commencing on that date was the belated request by the defense for a trial before a jury. It must be emphasized that the April 21st date was specially set on March 9, 1978. In accordance with the practice of the County in question, it was clear to both parties on that date that the case was being listed as a non-jury case and that a jury would not be available at the appointed time and place.

In *Commonwealth v. Robinson,* 498 Pa. 379, 446 A.2d 895 (1982) this Court stated "that although a defense requested continuance which exceeds thirty days serves as a triggering device for exclusion, the number of days to be excluded is *not governed solely by the length of the continuance.*" *Id.,* 498 Pa. at 386, 446 A.2d at 899 (emphasis added). Similarly, it appears on this record the Commonwealth was prepared to proceed to trial on March 9, 1978, when appellee requested a continuance, which was granted until April 21, 1978. This delay, attributable to appellee, cannot therefore be viewed in a vacuum. On Friday, April 21, 1978, when appellee for the first time demanded his right to jury trial, the court immediately scheduled a jury trial for the very next day of court. Voir dire began on Monday, April 24, 1978, and appellee was convicted.

It is clear that the extension to the next court date was to satisfy the request of the defense and in no way can be

construed as being the responsibility of the Commonwealth. In all of the prior listings in this case, the appellee had accepted non-jury listings without comment. The fact that the system was not able to accommodate this eleventh hour change in tactics clearly does not fall within the panoply of interests sought to be protected by Rule 1100. *Cf. Commonwealth v. Jenkins*, 500 Pa. 144, 454 A.2d 1004 (1982).

Appellee argues that because an actual waiver of jury trial had not been obtained as of record prior to the April 21st date, the Commonwealth must be held responsible for providing for the contingency that occurred. Such a technical approach loses sight of what is sought to be achieved by the application of Rule 1100. Here, the appellee was aware for several weeks that his case had been assigned for trial to a non-jury program. The possibility of an additional delay, because of the lateness of the announcement of the desire for trial by jury was evident. Such a delay could easily have been avoided by a simple communication to the appropriate parties any time between March 9, 1978, and April 21, 1978. Appellee chose not to avail himself of that avenue.

We, therefore, conclude that the additional one day must be considered as being as a result of appellee's requested continuance of March 9, 1978. To rule otherwise would permit the type of gamesmanship that has previously been condemned by this Court. *See Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981).

The order of the Superior Court is reversed and the case is remanded to that court for the disposition of any remaining claims of error.

McDERMOTT, J., did not participate in the consideration or decision of this case.

LARSEN, J., joins in this opinion and files a concurring opinion in which HUTCHINSON, J., joins.

HUTCHINSON, J., joins in this opinion and joins the concurring opinion of LARSEN, J.

ZAPPALA, J., files a concurring opinion.

LARSEN, Justice, concurring.

I join in the majority opinion; additionally, I would also hold that trial commenced on April 21, 1978 for purpose of Rule 1100.

HUTCHINSON, J., joins in this concurring opinion.

ZAPPALA, Justice, concurring.

I concur in the result reached today by the majority. However, I would hold that the trial commenced on April 21, 1978 for purposes of Rule 1100, rather than attributing the delay in the trial to Appellee's requested continuance of March 9, 1978. It is clear that the delay in the trial was not related to the Appellee's request for a continuance of the March 27, 1978 trial date, but rather the delay was attributable to the Appellee's request for a jury trial. The record demonstrates that the Commonwealth and the trial court were prepared to proceed on a non-jury basis on April 21, 1978. It would be unjust to penalize the Commonwealth for the delay in the trial when the delay was caused by the Appellee's wish to exercise one of his constitutional rights, a trial by jury. Accordingly, I concur with the action of the majority in reversing the Order of the Superior Court.