470 A.2d 74

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John DUNBAR, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 21, 1983.

Decided Dec. 19, 1983.

19. *See supra,* note 3.

Eric B. Henson, Deputy Dist. Atty., Garold E. Tennis, Philadelphia, for appellant.

Louis Lipschitz, Philadelphia (Court-appointed), for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

This matter is before us on the Commonwealth's appeal by allowance from an order of Superior Court, 301 Pa.Super. 223, 447 A.2d 622, reversing a Philadelphia Court of Common Pleas order denying appellee Dunbar's petition for post-conviction relief. Superior Court held trial counsel was ineffective for failing to file a motion to dismiss under Pa.R.Crim.P. 1100(f) [1] and discharged appellee. The Commonwealth argues that trial counsel cannot be deemed ineffective for failing to anticipate that our appellate courts would refuse to exclude delays resulting from the unavailability of a co-defendant's counsel under Pa.R.Crim.P. 1100(f). Moreover, the Commonwealth maintains that trial

---

**1.** Pa.R.Crim.P. 1100(f) states that:

> At any time before trial the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard therein. Any order granting such motion shall dismiss the charges and discharge the defendant.

counsel reasonably believed that appellee's January 31, 1975 waiver was a valid unlimited waiver. We agree and, therefore, reverse the order of Superior Court.

On August 28, 1974 appellee was charged with manufacturing, delivering or possessing a controlled substance with intent to deliver, and possession of an instrument of crime. His trial began on February 3, 1976, 524 days later, but only 33 days after the extended run date as recalculated by appellee himself. See pp. 594–597, *infra.* The trial court granted fifteen continuances during the interim.

On September 6, 1974 the preliminary hearing was continued until October 9, 1974 because a Commonwealth witness was not available. On October 9, 1974 the case was continued until November 7, 1974. Appellee was indicted October 29, 1974 and arraigned on November 7, 1974. On December 3, 1974, the record shows an unsigned Rule 1100 waiver and a continuance until December 30, 1974. On December 30, 1974 the trial court continued the case until January 31, 1975 because the Commonwealth was not prepared. On January 31, 1975 appellee executed a Rule 1100 waiver in open court and the trial court continued the case to April 4, 1975 because appellee's attorney was scheduled to appear in federal court. On April 4, 1975 the trial court continued the case to May 5, 1975 because appellee's counsel was on trial. On May 5, appellee executed a waiver of his Rule 1100 rights in open court in the presence of counsel and the case was continued to June 11, 1975. On June 11, 1975 defense counsel was engaged elsewhere once again and the trial court continued the case to August 11, 1975.

On August 11, 1975 the matter was continued to August 19, 1975 because co-defendant's attorney was unavailable. On August 19 appellee's counsel failed to appear and the case was continued until September 23, 1975. On September 18, 1975 the trial court continued the matter to October 30 because appellee's counsel was on trial. On October 30, 1975 the trial court continued the case until December 11, 1975 because co-defendant's counsel was on trial and again from December 11 to December 18, 1975 because co-defend-

ant's counsel was on vacation. On December 18, 1975 appellee again waived Rule 1100 and the case was continued to January 6, 1975. Finally, trial began when the trial court heard a motion to suppress on February 2, 1976.

At the conclusion of trial, the trial judge found appellee guilty on both charges. Appellee, represented by trial counsel, appealed to Superior Court and that court affirmed the judgment of sentence. *Commonwealth v. Dunbar*, 250 Pa.Superior Ct. 585, 379 A.2d 585 (1977). Thereafter, in January of 1978, appellee filed a *pro se* petition alleging ineffective assistance of trial counsel for failing to file a motion to suppress evidence obtained pursuant to an unlawful arrest. Common Pleas appointed new counsel for appellee and that counsel filed an amended petition which included the charge that trial counsel was ineffective for failing to file a motion to dismiss under Rule 1100(f).

Following an evidentiary hearing Common Pleas found that trial counsel reasonably believed that it was in appellee's best interests to continue the case on a number of occasions and that trial counsel was not ineffective for failing to file a motion to dismiss under Rule 1100(f).

On appeal, Superior Court excluded the 227 day delay attributable to the unavailability of appellee's attorney. It also assumed that all three of appellee's Rule 1100 waivers were limited to the period between the date of the continuance and the date to which the trial was rescheduled. Based on that assumption, it held that, even excluding the 83 day period encompassed by those waivers, the total excludable time was 310 days. On that view, appellant would have been brought to trial within 213 days or 33 days after the recomputed run date.[2] Without comment, however, Superior Court declined to exclude the periods during which the case was delayed due to continuances occasioned by the unavailability of co-defendant's trial counsel. Also

**2.** Pa.R.Crim.P. 1100(a)(2) provides:

(a) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

without comment Superior Court declined to treat appellee's January 31, 1975 waiver as unlimited.

■ "Before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it". *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981). We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests. *See Commonwealth v. Hill*, 450 Pa. 477, 301 A.2d 587 (1973). Thus, counsel's assistance is deemed constitutionally effective once we are able to conclude the particular course chosen by counsel had some reasonable basis designated to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349 (1967). We presume counsel is effective. Moreover, the burden of establishing counsel's ineffectiveness rests upon his client. *Commonwealth v. Shore*, 487 Pa. 534, 410 A.2d 740 (1980).

■ We have held that counsel's stewardship must be judged under the available alternatives and that he cannot be expected to raise motions unsupported by existing case law. *Commonwealth v. Miller, supra* (collecting cases). As we stated in *Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977), we examine counsel's stewardship under the standards existing at the time of his action, *Commonwealth v. Hill, supra; Commonwealth v. Garrett, supra*, and counsel will not be deemed ineffective for failing to predict future developments in the law. *See also Commonwealth v. Logan*, 468 Pa. 424, 364 A.2d 266 (1976); *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971).

At an evidentiary hearing held by the PCHA court, trial counsel testified that he believed it was in appellee's best

interest to continue his case on numerous occasions. Moreover, he testified that:

> The reason no motion to dismiss under Rule 1100 was filed by myself was because I did not feel at that particular time that I would have been successful in filing a motion to dismiss due to my understanding at that particular time of Rule 1100 but when I joined with Mr. Pirillo [co-defendant's counsel] with a continuance and the matter was waived, I could not come back into Court and ask for the case to be dismissed under that Rule as it was interpreted at that time.

If trial counsel had reasonably believed that the delay occasioned by unavailability of co-defendant's counsel was excludable under Rule 1100 or if he reasonably believed any of appellee's waivers were general, unlimited waivers of Rule 1100 rights, thereby precluding a Rule 1100(f) motion to dismiss, trial counsel was not ineffective.

■ First, the Commonwealth notes that the then prevailing practice in Philadelphia was to exclude an unopposed delay resulting from the unavailability of a co-defendant's counsel under Rule 1100(d)(3)(i).[3] It then argues that trial counsel could not be held ineffective for failing to anticipate *Commonwealth v. Hagans,* 242 Pa.Superior Ct. 393, 364 A.2d 328 (1976), *aff'd.,* 482 Pa. 572, 394 A.2d 470 (1978) and *Commonwealth v. Brown,* 242 Pa.Superior Ct. 397, 364 A.2d 330 (1976). In *Hagans* and *Brown* Superior Court reversed two Philadelphia Common Pleas Court decisions which had followed the practice of treating delays caused by a co-defendant's counsel as excludable time under Rule 1100 and it discharged the defendants. We hold that trial counsel reasonably decided to forego a challenge to the exclusion of those periods occasioned by the unavailability

---

**3.** Pa.R.Crim.P. 1100(d)(3)(i) provides:

> (d) In determining the period for commencement of trial, there shall be excluded therefrom:
>
> . . . .
>
> (3) Such periods of delay at any stage of the proceeding as results from:
>
> (i) the unavailability of the defendant or his attorney;

of co-defendant's counsel based on the then prevailing practice. Although this practice is not expressly allowed by the rule neither is it expressly forestalled. Moreover, the Philadelphia Common Pleas Court's position prior to *Brown* and *Hagans* was not unreasonable in a practical sense and did not conflict with the basic purpose of the rule. Finally, had *Hagans* and *Brown* been decided prior to appellee's trial the Commonwealth would have been on notice that such delays were not excludable and could have avoided the harsh sanction of dismissal by seeking a timely severance.

■ The Commonwealth also maintains that trial counsel reasonably believed under then existing law that a Rule 1100 motion to dismiss would have been futile because of his client's Rule 1100 waivers, especially his waiver of January 31, 1975, which the Commonwealth characterizes as a "general" waiver. The Commonwealth argues that the then prevailing law in Philadelphia and throughout the Commonwealth provided that waivers like appellee's January 31, 1975 waiver were unconditional with no time limits. If the January 31, 1975 waiver was unconditional, a motion to dismiss would have been meritless. Appellee has not responded specifically to this argument.

Upon review of the case law we have determined that trial counsel reasonably believed the waiver to be unconditional. Therefore, he also reasonably believed that a motion to dismiss would have been meritless.

In *Commonwealth v. Scott*, 272 Pa.Superior Ct. 236, 414 A.2d 1095 (1979), *aff'd.*, 498 Pa. 133, 445 A.2d 103 (1982), a criminal complaint was filed on October 1, 1976. Trial was initially scheduled for January 25, 1977 but on that date the defendant requested a continuance due to the unavailability of his trial counsel. At that time, defendant executed a waiver in which he stated he waived "my rights to a prompt trial under Rule 1100." Pursuant to the request and the waiver the trial court ordered the case passed to February 8, 1977. Superior Court held that defendant's Rule 1100 waiver was an unlimited waiver because it did not confine itself to the period between January 25 and February 8.

In the present case, it is clear that the parties and the various Common Pleas judges hearing it believed appellee Dunbar's January 31, 1975 waiver was an unlimited one. For example, on December 18, 1975, when Judge Richette continued the case to January 6, 1976, she referred to the January 31, 1975 waiver. Trial counsel did not object to that continuance or dispute Judge Richette's interpretation of the January 31, 1975 waiver. The decision not to object was, of course, consistent with trial counsel's avowed strategy to delay this trial as long as possible.

■ One purpose of Rule 1100 is to "more effectively protect the right of criminal defendants to a speedy trial and also to help eliminate the backlog in criminal cases in the courts of Pennsylvania." *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981) (quoting *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 [1972]). However, "[t]he administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983) (quoting *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 [1981]). A second purpose is elimination of the disadvantage the Commonwealth, with its heavy burden of proof, suffers from protracted delays by the defense. "[D]elay is a defendant's best lawyer." *Lopinson v. Pennsylvania*, 392 U.S. 647, 88 S.Ct. 2277, 20 L.Ed.2d 1344 (1968) (Black, J., dissenting from *per curiam* remand). Neither purpose is served by giving this defendant the benefit of the rule.

■ At the time this case was tried appellee suffered no violation of his right to a speedy trial. His trial strategy was to delay the disposition of this case indefinitely while he remained on bail and the Commonwealth's case grew stale. Appellee now wishes to exploit the Rule by taking advantage of developments in our law interpreting Rule 1100 in the context of a post-conviction proceeding based on ineffective assistance of trial counsel that he initiated two years after his conviction. Thus, once again, appellee has

taken advantage of delay, for it is clear that Common Pleas was forced to decide this matter on a stale record after he had already had the benefit of his strategic delay in the criminal proceeding itself.

In this case trial counsel never objected to any of the continuances and on December 11, 1975 trial counsel did not object to a continuance, which according to appellee, would have resulted in a trial after the 180 day period elapsed. This Court stated in *Commonwealth v. Brown*, 497 Pa. 7, 10, 438 A.2d 592, 594 (1981) that "a defendant has no right to mislead the court and the Commonwealth as to the suitability of a particular trial date once that date has been set." *See also Commonwealth v. Robinson*, 498 Pa. 379, 446 A.2d 895 (1982).[4] In *Brown* this Court inferred defendant's waiver from his silence and the silence of his counsel when the trial judge *sua sponte* continued the matter beyond the last day for trial under Rule 1100 out of his stated concern for his ability to try the facts impartially. We stated in *Brown:*

> This Court will not allow the gamesmanship of a concededly guilty defendant to govern the conduct of criminal proceedings, nor will it permit a defendant, by virtue of such gamesmanship, to flaunt his guilt in the face of the judicial system, the Commonwealth, and the citizens of Pennsylvania.

*Id.* 497 Pa. at 12, 438 A.2d at 595. *See also Commonwealth v. Guldin*, 502 Pa. 66, 463 A.2d 1011 (1983). Here, counsel not only sat by, but according to his own Post-Conviction Hearing Act testimony, "joined" Mr. Pirillo, co-defendant's counsel, in the motion for continuance. *See supra*, at p. 597.

Consequently, we hold that trial counsel was not ineffective for failing to file a motion to dismiss under Rule 1100.[5]

---

4. Appellee concedes that only 179 days properly chargeable to him had elapsed on December 11, 1975 when the trial court continued the case to December 18, 1975.

5. Appellee has not argued at any stage of these post-conviction proceedings that his Rule 1100 waivers were unknowing or involuntary

The Order of the Superior Court is reversed and the judgment of sentence is reinstated.[6]

ROBERTS, C.J., and NIX and ZAPPALA, JJ., concur in the result.

nor was any evidence introduced at the post-conviction hearing to support such a theory. However, we note that it was not until this Court decided *Commonwealth v. Coleman,* 477 Pa. 400, 383 A.2d 1268 (1978) (plurality opinion), that we held for the first time that defendant's signature on a consent form executed when a continuance is granted does not constitute a valid waiver standing alone. Subsequently, in *Commonwealth v. Waldman,* 484 Pa. 217, 398 A.2d 1022 (1979), in a plurality opinion, Chief Justice Eagen wrote that the Commonwealth has the burden of establishing that defendant's open-ended waiver of Rule 1100 rights was knowing, intelligent and voluntary. However, both *Coleman* and *Waldman* reflect a change in the law of this Commonwealth. In an earlier case, *Commonwealth v. Mrrick,* 468 Pa. 155, 360 A.2d 598 (1976), this Court stated that there are no formal requirements for waiver of the Rule. The *Myrick* Court noted that it is possible for a defendant to waive some of his rights by a waiver executed in open court even in the absence of a colloquy.

**6.** The Commonwealth also argues that by permitting a petitioner in a post-conviction proceeding to avoid the doctrine of waiver upon a showing that trial counsel's failure to raise an issue or to preserve an issue for appeal had no reasonable basis designed to effectuate petitioner's interest, Post-Conviction Hearing Act proceedings have become "nothing less than a second appeal." In making that argument, the Commonwealth says our standard for ineffectiveness goes beyond the Post-Conviction Hearing Act's purpose of "providing a procedure for obtaining relief from convictions obtained and sentences imposed *without due process of law.*" (Emphasis added.) Act of January 25, 1966, P.L. (1965) 1580, § 2, 19 P.S. § 1180–2, repealed and replaced by Act of May 13, 1982, P.L. 417, 42 Pa.C.S. § 9542. We do not find it necessary to address that issue.