## Commonwealth v. St. Clair

*Brendan J. Vanston,* district attorney, for the Commonwealth.

*Howard M. Spizer,* for defendant.

GARDNER, *P.J.,* February 26, 1985—This matter arises on defendant's motion to dismiss, asserting a violation of Pennsylvania Rule of Criminal Procedure 1100 in that trial did not commence within the required period.

Counsel agrees as to the following relevant chronology:[1]

Complaint filed — March 9, 1984;

Defendant waived arraignment — September 14, 1984;

Defendant's omnibus pre-trial motion filed — October 15, 1984;

"Run date" under Rule 1100 — September 5, 1984;

"Run date" as extended by excludable time — October 31, 1984.

No application to extend the time for commencement of trial was filed by the Commonwealth, and for that reason defendant's motion must be granted.

Defendant's omnibus pre-trial motion was heard on October 31, 1984, the last day for commence-

---

1. At the hearing on the instant motion, the district attorney relied heavily on requests that the court take judicial notice of dates and other entries in the records of the case on file in the office of the clerk of the courts. This is acceptable practice when the notations in the record are uncontested, as here. Certainly, the technique is time-saving and, hence, useful. Commonwealth v. Jackson, 269 Pa.Super. 249, 409 A.2d 873 (1979); Commonwealth v. Harris, 315 Pa.Super. 544, 462 A.2d 725 (1983).

298

ment of trial under Rule 1100. Consequently, for this and other reasons hereinafter discussed, the Commonwealth contends that it is entitled to the benefits of judicial delay.

However, although judicial delay may justify an extension of the time for commencement of trial, it is not an automatic exclusion. A timely application for extension is necessary. Commonwealth v. Franklin, 306 Pa.Super. 382, 452 A.2d 777 (1982).

The Commonwealth argues that the instant matter is analogous to Commonwealth v. Mines, 502 Pa. 41, 463 A.2d 999 (1983), and that defendant's filing of the omnibus pre-trial motion on October 15, 1984 (the 31st day[2]) was tantamount to a continuance request.

In Mines, defendant made a demand for a jury trial on the "run date", and the Pennsylvania Supreme Court held that scheduling the case for jury trial after the "run date" was not a violation of Rule 1100.

However, we are not convinced by the Commonwealth's argument. We do agree that defendant's omnibus pre-trial motion was untimely filed, but the late discovery of that fact cannot now justify a failure of the Commonwealth to make a timely application for extension.

We are in sympathy with the Commonwealth's frustration and believe that a reconsideration of the arbitrariness of Rule 1100 with a view towards a concept of "tolling" by the filing of pre-trial motions might well be more realistic and certainly equitable. However, we must deal with the rule and its appellate interpretation as we find it.

------

2. Pennsylvania Rule of Criminal Procedure 307 provides that an omnibus pre-trial motion shall be filed and served within thirty days after arraignment.

The Commonwealth also contends that the defendant was in court on October 31, 1984, the "run date", when the case was rescheduled for a subsequent date and that the defendant voiced no objection. This the Commonwealth asserts should be regarded as a waiver under the authority of Commonwealth v. Brown, 497 Pa. 7, 438 A.2d 592 (1981).

Unfortunately, the record in this case is silent as to the rescheduling episode. Further, Brown's holding must be viewed in the light of the support that the Supreme Court majority found in a previous Rule 1100 waiver by defendant, which allowed a conclusion that there was familiarity with the waiver process. No such prior experience is present in the instant case.

We are not comfortable with what we believe we must do in this case, but, nonetheless, the relief requested by defendant must be granted.

### ORDER

And now, February 26, 1985, for the reasons set forth in the opinion of even date attached hereto.

It is ordered that defendant's motion to dismiss under the provisions of Pennsylvania Rule of Criminal Procedure 1100 be and the same is hereby granted.