J-S10004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM WESLEY SWEENEY | : | |
| | : | |
| Appellant | : | No. 2309 EDA 2018 |

Appeal from the PCRA Order Entered July 3, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007866-2013

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                   **FILED MARCH 22, 2019**

Appellant, William Wesley Sweeney, appeals from the order of the Court of Common Pleas of Delaware County that denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

This case arises out of an undercover police officer's response to an October 20, 2013 Craigslist ad entitled "Sunday Funday in Delco -33 (Aston/Lima)" that stated: "Looking for some fun (mutual oral) at my place today. I am looking for someone under 25, white, thin/athletic, D/D Free, and likes to get sucked and suck too (Not necessary)."  The police officer, posing as a 15-year old boy named "Sammy," communicated with Appellant in response to this ad.  Following numerous email exchanges between "Sammy"

---

[1]  42 Pa.C.S. §§ 9541–9546.

---

*   Retired Senior Judge assigned to the Superior Court.

and Appellant over an eight-day period, Appellant was arrested when he came to an arranged meeting place on October 27, 2013.

Appellant waived his right to a jury trial and, following a bench trial, was convicted on January 22, 2015 of five counts of criminal attempt (related to sexual offenses), five counts of criminal solicitation (related to sexual offenses), and one count each of unlawful contact with minor and criminal use of communication facility.[2]  On July 9, 2015, the trial court imposed an aggregate sentence of three to six years of incarceration to be followed by three years of probation.  Appellant, represented by new counsel, filed a direct appeal challenging the sufficiency of the evidence, the weight of the evidence, the trial court's denial of his motion to exclude the October 20, 2013 Craigslist ad, and the admission of testimony of two witnesses not involved in the Craigslist ad or email exchange concerning Appellant's communication with them when they were under age 16.  On October 7, 2016, this Court affirmed the judgment of sentence.  **Commonwealth v. Sweeney**, 159 A.3d 37 (Pa. Super. 2016) (unpublished memorandum).

On November 2, 2017, Appellant, represented by the same counsel as on his direct appeal, filed the instant timely PCRA petition.  In this PCRA petition, Appellant alleged that trial counsel was ineffective in four respects: failing to raise a discrepancy between the internet provider address on the

---

[2] 18 Pa.C.S. §§ 901(a), 902(a), 6318(a)(1), and 7512(a), respectively.

Craiglist ad and Appellant's internet provider address, failing to show that the telephone number on the Craigslist ad was not Appellant's, advising Appellant to waive jury trial, and failing to move to suppress a statement that Appellant gave to police following his arrest. PCRA Petition at 1-2 ¶5. The PCRA court held an evidentiary hearing on the petition on June 28, 2018, at which Appellant's trial counsel and Appellant testified. On July 3, 2018, the PCRA court denied the PCRA petition. This timely appeal followed.

Appellant raises the following four issues for our review:

I. Was Trial Counsel ineffective for not effectively rais[ing] during Trial the difference of the address that was provided by Craigslist as opposed to the address indicated by Defendant's internet provider (Verizon)?

II. Was Trial Counsel ineffective in that [he] did not elicit at the time of Trial that the telephone number attached to the Craigslist ad was not the number that the Defendant was familiar with?

III. Was Trial Counsel ineffective as to [his] advice to Defendant to proceed with a bench trial?

IV. Was Trial Counsel ineffective for failing to file a Pretrial Omnibus Motion attempting to exclude a statement given by Mr. Sweeney to the Aston Township Police Department on the date of his arrest?

Appellant's Br. at 4.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the evidence of record in a light

most favorable to the prevailing party, and the PCRA court's credibility determinations, if supported by the record, are binding on this Court. **Mason**, 130 A.3d at 617.

To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the convicted defendant must prove: (1) that the underlying legal claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interests; and (3) that he suffered prejudice as a result of counsel's action or inaction. **Mason**, 130 A.3d at 618; **Smith**, 181 A.3d at 1174-75; **Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. **Mason**, 130 A.3d at 618; **Smith**, 181 A.3d at 1175; **Michaud**, 70 A.3d at 867.

Appellant's claims that trial counsel allegedly failed to show discrepancies between the Craigslist ad and Appellant's internet provider address and telephone were properly rejected by the PCRA court because they are unsupported by the record. Contrary to Appellant's assertions, trial counsel demonstrated at trial that the Craigslist ad telephone number did not match Appellant's telephone number and that the police made no attempt to determine whose telephone number the Craigslist ad number was. N.T. Trial, 1/15/15, at 40-43, 107-10, 117. The trial record also showed that trial counsel through his questioning of the police forensic expert established that the police made no determination that the internet provider address in the

Craigslist ad was Appellant's or was consistent with the ad being placed from Appellant's computer or house. *Id.* at 117-19. To the extent that Appellant argues that trial counsel was ineffective because he did not also show an actual internet provider address discrepancy, there is no evidence in the record that there was a difference between the internet provider address associated with the Craigslist ad and Appellant's internet provider address. While PCRA counsel stated that he contended that "the IP address that was provided by Craigslist is different than the Defendant's internet provider, Verizon," the only evidence that he introduced at the PCRA hearing on this issue was Appellant's testimony that he wanted to testify at trial concerning "the difference in [IP] addresses," not testimony or other evidence as to what Appellant's internet provider address was. N.T. PCRA Hearing at 4, 40-41.

Appellant's remaining two arguments likewise fail. Neither of these arguments satisfies the requirement that counsel's action or inaction lacked a reasonable basis. Where the trial counsel's conduct is an informed strategic choice that could be reasonably viewed at the time as advancing the defendant's interests, this element is absent and ineffective assistance of counsel cannot be shown, even though in hindsight trial counsel's strategy was not successful. *Commonwealth v. Williams*, 141 A.3d 440, 463 (Pa. 2016); *Commonwealth v. Dunbar*, 470 A.2d 74, 77 (Pa. 1983); *Commonwealth v. Jones*, 636 A.2d 1184, 1188-90 (Pa. Super. 1994). Trial counsel's testimony at the PCRA hearing demonstrated that both his

recommendation of a bench trial and his decision not to move to suppress Appellant's statement were fully considered strategic decisions.

Trial counsel explained that he advised Appellant to waive his right to jury trial and to agree to a bench trial because he believed that a jury would view Appellant unfavorably because he was bisexual, and because a jury would be affected by the fact that the charges involved solicitation of a child for sex and by the evidence that the Commonwealth was permitted to introduce concerning the other incidents of alleged communications between Appellant and underage boys. N.T. PCRA Hearing at 15-20. Trial counsel testified that he also recommended a bench trial because he believed that the judge to whom the case was assigned was likely to be a more favorable fact finder in this type of case than a jury. *Id.* at 20, 34-35.

Trial counsel explained that he did not file a motion to suppress because the statement gave Appellant's version of events, that the ad that he posted on Craigslist was a different ad that did not contain the language concerning sexual activity, and because not suppressing the statement placed Appellant's explanation in evidence without forcing Appellant to testify, which trial counsel believed would have been harmful to his defense. N.T. PCRA Hearing at 8-14, 22-25, 31-32. Trial counsel also testified that he did not file a motion to suppress because he believed that such a motion had no chance of success. *Id.* at 10-14. The PCRA court found trial counsel's testimony concerning both of these decisions credible. PCRA Court Opinion at 8, 9-10 n.2, 11-12.

In addition, Appellant failed to prove other essential elements of ineffective assistance of counsel with respect to both of these claims. Appellant did not show that his suppression claim had arguable merit. Appellant's statement was audio recorded. Ex. C-4B at 1-2; N.T. PCRA Hearing at 9. Appellant was given *Miranda*[3] warnings and signed an acknowledgement of those warnings waiving his *Miranda* rights before he gave the statement to the police. Ex. C-3; Ex. C-4B at 1, 4.

Appellant argues that this waiver was invalid because he allegedly had consumed prescription drugs and alcohol and was intoxicated at the time. Appellant told trial counsel that he had a blood alcohol level of .085 on a breathalyzer test given by the police and that he had taken drugs. N.T. PCRA Hearing at 11-12. The fact that a defendant has consumed intoxicating substances, however, does not automatically invalidate a waiver of *Miranda* rights or make a statement to the police involuntary. *Commonwealth v. Ventura*, 975 A.2d 1128, 1137 (Pa. Super. 2009); *Commonwealth v. Adams*, 561 A.2d 793, 795 (Pa. Super. 1989). Rather, the test is whether the defendant had sufficient mental capacity at the time of the statement to know what he was saying and to have voluntarily intended to say it, and if it is found that he had such capacity, the statement will not be suppressed. *Ventura*, 975 A.2d at 1137-39 (Pa. Super. 2009); *Adams*, 561 A.2d at 795-

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

97. Trial counsel testified that he listened to the audiotape of Appellant's statement and that Appellant did not sound at all intoxicated and appeared in full control of his faculties and capable of understanding what was occurring. N.T. PCRA Hearing at 10-12, 31. The PCRA court specifically found this testimony credible. PCRA Court Opinion at 11-12.[4] Given this evidence and the PCRA's credibility finding, the motion to suppress lacked arguable merit and cannot support a claim of ineffective assistance of counsel. *Adams*, 561 A.2d at 795-97.

Furthermore, Appellant did not show that trial counsel's bench trial advice caused him prejudice. To show prejudice where the alleged ineffective assistance concerns the waiver of jury trial, the defendant must demonstrate a reasonable probability that, but for counsel's conduct, he would not have waived his right to a jury trial. *Commonwealth v. Miller*, 987 A.2d 638, 660 (Pa. 2009); *Commonwealth v. Mallory*, 941 A.2d 686, 704 (Pa. 2008). No such showing is present here. The colloquy conducted on the record before the start of trial makes clear that Appellant was fully advised of his right to a jury trial and that the decision was his to make, regardless of counsel's advice, and Appellant's answers in that colloquy establish that he knowingly,

_____

[4] Appellant testified at the PCRA hearing that he was drunk and under the influence of Klonopin and Methadone and that he told the police that he wanted to leave before they took the recorded statement. N.T. PCRA Hearing at 44-45. The PCRA court, however, did not find Appellant's testimony credible. PCRA Court Opinion at 11-12.

intelligently, and voluntarily waived his right to jury trial. N.T. Trial, 1/15/15, at 3-10. At the PCRA hearing, trial counsel testified that Appellant had expressed a preference for a nonjury trial even when trial counsel had initially recommended a jury trial. N.T. PCRA Hearing at 15-17. Appellant admitted that at the time of trial he agreed with trial counsel's recommendation to proceed with a nonjury trial and did not testify that he wanted a jury trial. **Id.** at 37-39.

For the foregoing reasons, we conclude that Appellant did not show any ineffective assistance of counsel by his trial counsel. Accordingly, having discerned no error of law and no unsupported findings in its decision, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19