521 A.2d 1388

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard K. WELLS, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 15, 1986.

Decided March 10, 1987.

464

James K. Angell, Sp. Prosecutor, Smethport, for appellant.

Charles J. Duke (Court-appointed), Bradford, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA, and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.*

This is the appeal of the Commonwealth of Pennsylvania (Appellant) from the Per Curiam Order of Superior Court affirming an Order of the Court of Common Pleas of McKean County granting relief to Richard K. Wells (Appellee) under the Post Conviction Hearing Act (PCHA).[1]

* Reassigned to this writer on November 25, 1986.

1. Post Conviction Hearing Act, Act of May 13, 1982, P.L. 417, No. 122, § 2, immediately effective, 42 Pa.C.S. § 9541, et seq.

Appellee was convicted of murder of the second degree in McKean County on March 3, 1976, and following the dismissal of post-verdict motions, he was sentenced to a term of life imprisonment. No direct appeal was taken. On June 26, 1979, Appellee filed a *pro se* PCHA Petition in which he alleged that both trial and post-verdict motions counsel rendered him ineffective assistance resulting in the denial of his Pa.Rule of Criminal Procedure 1100 (prompt trial) rights. By Order and Opinion dated October 8, 1981, the trial court granted Appellee's petition and ordered his discharge from custody. The Commonwealth appealed to Superior Court and, in an opinion authored by the Honorable James E. Rowley, the Court vacated the order of October 8, 1981, and remanded the matter to the trial court so that it could conduct a hearing on the allegations raised by the Petition. *Commonwealth v. Wells,* 322 Pa.Superior Ct. 380, 469 A.2d 672 (1983).

Pursuant to Superior Court's direction, hearings were conducted before President Judge Fink, the trial judge, on January 31, 1984, and February 24, 1984, following which an Opinion and Order were filed again granting Appellee's Petition and ordering Appellee's discharge. The Opinion and Order were filed on March 8, 1984, and made effective on March 15, 1984.

Appellant filed its appeal with Superior Court which stayed Appellee's release pending its disposition of the appeal. That Court, by its Per Curiam Order of March 29, 1985, affirmed the trial court's order, without publishing an opinion. *Commonwealth v. Wells,* 345 Pa.Superior Ct. 623, 496 A.2d 855 (1985).

Appellant thereupon filed a Petition for Allowance of Appeal arguing that neither the PCHA court nor the reviewing court applied the correct standards in analyzing Appellee's ineffectiveness claims. Our preliminary review of the record indicated to us that the lower courts did, in fact, grant Appellee's Petition without first applying the standard required in such cases by *Commonwealth ex rel.*

*Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), and, accordingly, we granted allocatur.

Before beginning our analysis, it is important to recount the factual setting which forms the basis of Appellee's PCHA Petition.

Appellee was arrested on July 28, 1975, for the robbery and murder of an elderly female resident of a hotel which Appellee was visiting. Within two weeks of the arrest (August 8, 1975), trial counsel moved for a change of venue on the grounds of prejudicial pre-trial publicity. A hearing was held on the motion on September 8, 1975, after which the motion was denied. On September 12, 1985, however, the trial court issued its own order continuing the case until the February, 1976, term of court, beyond the time permitted for the start of trial pursuant to Rule 1100.

Sometime in November, 1975, the District Attorney filed its own petition with the trial court seeking to confirm the continuance based on the anticipated need to summon a large panel of veniremen from which a jury could be selected to try Appellee. Trial counsel, at an on the record hearing, agreed to the continuance. The trial was thereafter called for March 1, 1976, 217 days after Appellee's arrest.

Appellee points to this factual scenario and argues that his trial counsel's actions in agreeing to a continuance represented ineffective assistance of counsel because counsel's actions implicated his constitutional right to a speedy trial guaranteed by the Sixth Amendment to the Federal Constitution and our State Constitution, as administered under our Rule 1100, which requires that a defendant be brought to trial within 180 days from arrest.

In considering Appellee's claim, the PCHA court determined that Appellee, who was not present at the hearing continuing his case, and who was not informed of the continuance or permitted to participate in the decision to agree to a continuance, was, in fact, denied the constitutional right to a speedy trial. It appears to us, however, that in reaching Appellee's constitutional claim, no consideration

was given to trial counsel's actions, which are the direct cause of Appellee's complaint, to determine whether counsel's conduct constituted effective representation under the circumstances.

■ A proper resolution of Appellee's constitutional claim necessarily involves reference to trial counsel's actions, because if counsel's decision to agree to the continuance constituted effective representation, then Appellee's constitutional argument fails. To this extent, the question of counsel's representation is inextricably fused with Appellee's constitutional claim which can *only* be reached if trial counsel is found to be ineffective.

Because the PCHA court reached Appellee's constitutional claim without referring to counsel's effectiveness, we conclude that its granting of relief was error.

■ As discussed in many of our cases, before a claim of ineffectiveness can be sustained, a reviewing court must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit and, if so, it must then determine whether the course chosen by counsel had some reasonable basis designed to serve the interests of his client. *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986); *Commonwealth v. Stoyko,* 504 Pa. 455, 475 A.2d 714 (1984); *Commonwealth v. Wade,* 501 Pa. 331, 461 A.2d 613 (1983); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

Here, Appellee's underlying argument is that his trial counsel was ineffective in agreeing to a continuance of his trial beyond the 180 days permitted in bringing a defendant to trial. Such an issue, in the abstract, may be of arguable merit and necessarily raises the related question of whether an attorney has the authority to agree to a continuance without his client's knowledge and consent. A majority of this Court has never held that only a defendant can agree to a continuance beyond the 180 day requirement, although a few plurality decisions of the Court hint at such a requirement. *See, Commonwealth v. Waldman,* 484 Pa. 217, 398

A.2d 1022 (1979); *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978).

In our earlier case, *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), we made clear that Rule 1100, like the right to a speedy trial which it protects, may be waived. Additionally, we noted that there are no formal requirements for a valid waiver of Rule 1100 "so long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity." 468 Pa. at 160, 360 A.2d at 600.

In applying *Myrick* and Rule 1100, however, we have found valid waivers where counsel openly agrees to continuances, without the express presence or agreement of his client, *Commonwealth v. Dunbar*, 503 Pa. 590, 470 A.2d 74 (1983); *Commonwealth v. Guldin*, 502 Pa. 66, 463 A.2d 1011 (1983), and have found a valid waiver where trial counsel sits by silently as the court announces a trial date beyond the last day for trial under Rule 1100. *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983); *Commonwealth v. Brown*, 497 Pa. 7, 438 A.2d 592 (1981).

We think these cases were correctly decided and are grounded on the premise that trial counsel may, at times, be in a position to make strategic or tactical decisions for his client concerning the start of trial. While such decisions may implicate the requirements of Rule 1100, we see no reason why counsel cannot exercise his discretion, weigh the alternatives available, and make an intentional informed choice for his client.

The actions of counsel in this regard are imputed to the defendant who is bound thereby. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), see also dissenting opinion of Mr. Justice, now Chief Justice Nix, in *Commonwealth v. Waldman*, 484 Pa. 217, at 237, 398 A.2d 1022, at 1032 (1979). Since we find that counsel is vested with authority to agree to continuances for his client, the exercise of such a choice cannot be ineffectiveness *per se*, nor can it be prejudicial in itself. As we indicated in *Crowley*, a defense counsel's failure to object to an exten-

sion of time (or inferentially, as here, his agreement to an extension of time), does not represent, in itself, a denial of a fair trial, nor is it fundamentally unfair, under that circumstance, to deny Appellant the prophylactic effect of Rule 1100. "When defense counsel fails to object to a Commonwealth petition for an extension of time, we will not discharge the defendant unless he has been deprived of his underlying right to a speedy trial under either the Sixth Amendment to the United States Constitution, or Article I, Section 9 of the Pennsylvania Constitution." *Crowley*, 502 Pa. at 404, 466 A.2d at 1015. In other words, a petitioner must demonstrate more than a mere agreement to a continuance to establish a constitutional violation of the right to a speedy trial. Counsel's actions must be weighed against our *Maroney* standard and then be deemed to be ineffective representation before we can conclude that the course of conduct denied defendant a constitutional right, thus entitling him to relief under the Post Conviction Hearing Act.

Since we have already indicated that Appellant's argument (i.e., that trial counsel improperly consented to a continuance) may have some arguable merit under *Maroney*, the focus of the inquiry shifts to whether trial counsel's action had some reasonable basis designed to effectuate his client's interests.

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

■ Applying the *Maroney* standard to trial counsel's actions, we are satisfied that trial counsel's decision to

agree to a continuance of Appellee's case beyond the time permitted by the 180 day rule had a reasonable basis. Trial counsel himself had filed a motion for a change of venue of this case because of pre-trial publicity only days after Appellee had been arrested. While this motion was denied, and followed by the rather unorthodox *sua sponte* order of the trial court continuing the case, the district attorney himself filed his own request seeking a continuance, which was argued one month after the trial court denied the change of venue request. Considering that the district attorney himself characterized the pre-trial publicity as "lurid," we are not prepared to say that trial counsel's agreement to a 37 day extension to the 1100 Rule was not a reasonable choice. Since the trial court had already foreclosed the possibility of a change of venue, a six month cooling off period was a reasonable alternative and was certainly in Appellee's best interests.

■ It is also of no moment that counsel's decision was made without Appellee's on the record consent. Continuances are a matter of sound trial strategy within the reasonable purview of counsel. *See, Chancey v. Commonwealth, Pennsylvania Board of Probation and Parole*, 83 Pa.Commonwealth Ct. 42, 477 A.2d 22 (1984); *Commonwealth v. Daniels*, 288 Pa.Superior Ct. 69, 431 A.2d 291 (1981); *Commonwealth v. Walley*, 262 Pa.Superior Ct. 496, 396 A.2d 1280 (1978).

The consent to a continuance here was grounded in an attempt to avoid a tainted jury. Trial counsel's strategy then was one intended to effectuate his client's best interests, and we find no ineffectiveness in his chosen course of conduct.

Since trial counsel's representation had some reasonable basis designed to effectuate his client's interests, our inquiry ceases under the *Maroney* standard. Accordingly, Appellee's attempt to overturn the judgment of sentence entered against him in this PCHA Petition must fail.

The Order of Superior Court is reversed and the judgment of sentence is reinstated.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

Because the Appellee did not knowingly and voluntarily waive his right to a speedy trial, as specifically determined by the post-conviction hearing court, I dissent. *See, Commonwealth v. Guldin,* 502 Pa. 66, 463 A.2d 1011 (1983) (Zappala, J., dissenting) and *Commonwealth v. Crowley,* 502 Pa. 393, 466 A.2d 1009 (1983) (Zappala, J., dissenting).