J-A10042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SAROEUN CHHAB | |
| Appellant | No. 1499 EDA 2017 |

Appeal from the PCRA Order April 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006511-2011, CP-51-CR-0006512-2011, CP-51-CR-0006513-2011

BEFORE:  GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 25, 2018**

Appellant, Saroeun Chhab, appeals from the order entered April 11, 2017, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We adopt the following statement of facts from the PCRA court opinion, which in turn is supported by the record.  **See** PCRA Court Opinion (PCO), 7/18/17, at 1-6.  On March 12, 2011, Appellant was arrested in connection with an April 2010 shooting that resulted in the death of one man and the injury of two other men.  He was charged with murder, generally, as well as related charges.[1]  Bail was set at $250,000.00; Appellant remained incarcerated until trial.  **Id.**

---

[1] **See** MC-51-CR-0001457-2011, 18 Pa.C.S. § 2502.

*  Retired Senior Judge assigned to the Superior Court.

On March 21, 2013, following a jury trial, Appellant was convicted of third degree murder, two counts of aggravated assault, and a violation of the uniform firearm act ("VUFA").[2]  On July 9, 2013, Appellant was sentenced to twenty to forty years of incarceration for murder, one consecutive term of five to ten years of incarceration for aggravated assault, and one concurrent term of five to ten years of incarceration for aggravated assault.  He received no further penalty for the VUFA charge.  This amounted to an aggregate sentence of twenty-five to fifty years of incarceration.

Appellant timely appealed his sentence, and this Court affirmed his judgment of sentence.  **See Commonwealth v. Chhab**, 108 A.3d 109 (Pa. Super. 2014) (unpublished memorandum).  Appellant did not seek allowance of appeal with the Pennsylvania Supreme Court.

In October 2015, Appellant *pro se* timely filed a PCRA petition.  In his petition, he raised allegations of ineffective assistance of counsel, averring that counsel were ineffective for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 600 and for failing to ensure that Appellant's jury was impartial and unbiased.  **See** PCRA Petition, 10/13/15, at 1-41.  Appellant filed a motion seeking appointment of counsel in February 2016.  He then filed a second PCRA petition in April 2016.  Counsel was finally appointed to represent him and, in December 2016, filed a **Turner/Finley**[3] letter and accompanying

---

[2] 18 Pa.C.S. §§ 2502(c), 2702, 6106, respectively.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (1988) (*en banc*).

motion to withdraw as counsel. Appellant filed a response to the *Finley* letter in February 2017.

In March 2017, the court granted counsel's motion to withdraw and sent Appellant notice pursuant to Pa.R.Crim.P. 907 that his petition would be dismissed without a hearing. Appellant *pro se* filed a response to the notice. In April 2017, the court formally dismissed the petition.

Appellant timely appealed. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant raises the following questions for our review:

1. Whether [t]he lower court abused its discretion [in] accepting court appointed PCRA counsel's "no-merit" letter where the record demonstrates PCRA counsel failed to competently present a meritorious violations of a strictly construed presentation of a violation of Pa.R.Crim.P. Rule 600 prejudicing [Appellant] in that this meritorious claim would have resulted in the discharge of [Appellant]?

2. Whether the lower court abused its discretion in accepting court appointed counsel's "no-merit" letter in not finding ineffective assistance of counsel where trial counsel was ineffective in failing to ensure that [Appellant's] jury was unbiased, impartial, and unprejudiced where such ineffective assistance of counsel resulted in a structural error not subjected to harmless error analysis and [Appellant] was prejudiced by PCRA counsel's unreasonable failure to litigate a meritorious claim?

3. Whether the lower court abused its discretion in failing to conduct an evidentiary hearing where genuine issues of material fact exist necessitating a hearing?

Appellant's Brief at 4 (verbatim, except as noted).

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of

record and free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In this case, the PCRA court dismissed Appellant's petition without a hearing. ***See*** PCRA Court Order, 4/12/17 (citing in support Pa.R.Crim.P. 907). There is no absolute right to an evidentiary hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing." ***Springer***, 961 A.2d at 1264.

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Springer*, 961 A.2d at 1267 (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

First, Appellant claims that all prior counsel were ineffective for failing to make a motion pursuant to Pa.R.Crim.P. Rule 600 and request that Appellant's case be dismissed due to its untimeliness and his pretrial incarceration. *See* Appellant's Brief at 10. Appellant argues that his trial was held beyond the permissible run date and that the Commonwealth did not show that it had exercised due diligence in bringing the matter to trial in a speedy fashion. *Id.* at 11-12. Appellant argues that he did not waive his right to a speedy trial, and that defense counsel requested continuances without his permission. *Id.* at 11-14.

At the time the criminal complaint against Appellant was filed, Pa.R.Crim.P. Rule 600 stated in relevant part:

Rule 600**. Prompt Trial**

* * *

> (A)(2) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.

> (3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

* * *

> (B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

*See* Pa.R.Crim.P. 600.[4]

Regarding the calculation of time for the commencement of a speedy trial,

> [t]he mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days (the time for commencing trial under Rule 600) to the date on which the criminal complaint is filed. The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

*Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa. Super. 2003). Time may be excluded for 1) any period of time between the filing of the complaint and the defendant's arrest; 2) any period of time for which the defendant expressly waives Rule 600; or 3) any period of time for which the delay results from the unavailability of the defendant or his attorney, or any continuance granted at the request of the defendant or his attorney. *See Lynn*, 815 A.2d at 1056-57. Dismissal is only required where the Commonwealth fails to exercise due diligence to bring the defendant to trial within 365 days, after

---

[4] A new version of Rule 600 was adopted, effective July 1, 2013. *See* Pa.R.Crim.P. 600 cmt. In the instant case, the criminal complaint was filed March 12, 2011, prior to the effective date of the new rule. Accordingly, we will apply the former version of Rule 600.

taking into account any excludable time and excusable delay. *See Commonwealth v. Frye*, 909 A.2d 853, 858 (Pa. Super. 2006).

The PCRA court noted that:

In the instant matter, [Appellant] was arrested on March 12, 2011, thus the mechanical run date was March 13, 2012. The trial commenced on March 18, 2013. The first in court status listing was July 26, 2011. Defense counsel requested continuances on that date, August 17, 2011, September 22, 2011, October 12, 2011, November 8, 2011, December 13, 2011, and February 21, 2012. On April 4, 2012, there was a joint request for continuance, and on August 20, 2012, a trial date was scheduled for March 18, 2013, consistent with the [c]ourt's calendar. On April 20, 2012, the case was listed for status on September 14, 2012; on that date defense requested another status for possible non-trial disposition. On January 24, 2013, defense again requested a continuance for possible non-trial disposition. February 7, 2013, was the last status listing prior to trial.

The time from July 26, 2011 to February 7, 2013 is excludable time, which adds up to 563 days. If one adds 563 days to the mechanical run date of March 13, 2012, the adjusted run date is September 26, 2013. The case falls within the 365 day maximum for a trial to commence. It is clear that a Rule 600 motion would not have been granted because the majority of the continuance requests were made by defense counsel.

*See* PCO, 7/18/17, at 11-12. Accordingly, the court concluded that Appellant's claim was without merit.

However, Appellant argues that he was never released on bail and remained incarcerated prior to trial and accordingly, that the Commonwealth had 180 days to bring him to trial. *See* Appellant's Brief at 10-11. Appellant argues that, as a result of this interpretation, his run date should have been September 8, 2011. *Id.* at 12. He also argues that the defense continuances should not count, because he did not authorize them. *Id.* at 12.

Appellant was arrested on March 12, 2011, and bail was set at $250,000.00. He was unable to post the required amount. One hundred eighty days from Appellant's arrest would be September 7, 2011. However, he is not entitled to relief for two reasons. First, counsel is authorized to request a continuance on behalf of his client, Appellant's additional argument that the continuances were *not* authorized on the record, cannot overcome this fact. **See Commonwealth v. Wells**, 521 A.2d 1388, 1390-91 (Pa. 1987).

Second, Rule 600 does not work in the manner in which Appellant contends it does. The Pennsylvania Supreme Court has observed that:

> Rule 600(A)(2) provides that when a defendant is incarcerated, trial shall commence no later than 180 days from the date the criminal complaint is filed. Rule 600(E), which lies at the heart of the controversy herein, is a corollary to Rule 600(A)(2), providing that no defendant shall be held in pretrial incarceration for a period exceeding 180 days. If a defendant is so held, he shall be entitled to immediate release on nominal bail upon petition. Rule 600(E), however, provides for excludable time in accord with Rule 600(C). This Rule allows that in computing the running of the 180 days, delays resulting from defendant's actions or requests shall be excluded. The sum of these rules is that an incarcerated defendant must be tried within 180 days of a written complaint, and if such trial does not timely occur, the defendant is entitled to immediate release on nominal bail after spending 180 days in confinement, exclusive of delays occasioned by defendant.

**Commonwealth v. Dixon**, 907 A.2d 468, 473–74 (Pa. 2006).

Here, Appellant did not petition for release on nominal bail as he should have. **Id.** (noting that defendant is entitled to immediate release *upon petition*). Further, the 180-day period is still calculated with the exclusion of

delays occasioned by the defendant. *Id.* at 474. Here, the PCRA court appropriately found 563 days of delay, from July 26, 2011, to February 7, 2013, were attributable to the defendant. Thus, the 180-day period would expire Saturday, March 23, 2013. Appellant's trial was commenced on March 18, 2013, prior to the adjusted run date. Accordingly, Appellant's issue is meritless, and he is not entitled to relief. *Springer*, 961 A.2d at 1267.

Next, Appellant claims that counsel was ineffective for failing to ensure that the jury panel was unbiased. *See* Appellant's Brief at 22. Appellant argues that because many of the jurors had been victims of crime or had known someone who was a victim of crime, some involving guns, they could not have given him a fair and impartial trial. *Id.* at 22-27.

A trial court's decision regarding whether to disqualify a juror for cause will not be reversed in the absence of an abuse of discretion. *See Commonwealth v. Briggs*, 12 A.3d 291, 332-33 (Pa. 2011). If a juror can put aside his biases on the proper instruction of the court and is willing and able to render a verdict according to the evidence, disqualification is not proper. *Id.* at 333. Further, the Appellant must show that the jury was not impartial. *See Commonwealth v. Noel*, 104 A.3d 1156, 1169 (Pa. 2014).

Here, the PCRA court noted that all of the jurors with whom Appellant takes issue indicated that the crimes either they or their loved ones had witnessed or experienced would not affect their ability to be fair. *See* PCO at 12-14. Further, beyond bare assertions that the jurors could not have been fair based on their experiences, Appellant has not met his burden to establish

that the jury was biased. ***See***, ***e.g.***, Appellant's Brief at 30. The court instructed the jury that they were to be fair and impartial, and jurors are presumed to follow the instructions of the court. ***See Commonwealth v. Chmiel***, 30 A.3d 1111, 1147 (Pa. 2011). Appellant has not pointed to any specific facts to indicate that he was not given a fair and impartial trial. Accordingly, Appellant's issue is without merit, and he is not entitled to relief. ***Springer***, 961 A.2d at 1267.

Finally, Appellant argues that the court erred in failing to conduct an evidentiary hearing where genuine issues of material fact existed that would necessitate such a hearing. ***See*** Appellant's Brief at 32. As we have noted, *supra*, there is no absolute right to an evidentiary hearing, and we examine the issues raised to determine whether the court erred in concluding there were no genuine issues of material fact. ***Springer***, 961 A.2d at 1264. Based upon our resolution of the issues raised above, we cannot conclude that the court erred in denying Appellant a hearing. ***Id.***

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/18

- 10 -