**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY MALONE | : | |
| | : | |
| Appellant | : | No. 220 MDA 2025 |

Appeal from the PCRA Order Entered January 29, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004433-2017

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                  **FILED DECEMBER 04, 2025**

Terry Malone appeals *pro se* from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act (PCRA).  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On June 12, 2019, a jury convicted Malone of two counts of manufacture of a controlled substance, two counts of possession with intent to deliver a controlled substance, and related offenses.  On August 14, 2019, the trial court sentenced him to an aggregate term of 17 to 42 years in prison. Malone did not file any post-sentence motions.  Malone appealed.  On December 14, 2020, this Court affirmed his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on August 3, 2021.

_____

[*] Former Justice specially assigned to the Superior Court.

*Commonwealth v. Malone*, 245 A.3d 1065 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 260 A.3d 73 (Pa. 2021). Malone then sought relief from the United States Supreme Court, which denied his petition for writ of *certiorari* on October 3, 2022. *Malone v. Pennsylvania*, 143 S.Ct. 171 (2022).

On November 1, 2022, Malone filed a *pro se* PCRA petition. The PCRA court appointed counsel who later withdrew, and the court appointed new counsel. PCRA counsel reviewed the entire record and corresponded with Malone. However, because PCRA counsel was unaware that Malone had filed a petition for writ of *certiorari*, counsel filed a petition to withdraw and no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), in which he asserted that Malone's PCRA petition was untimely.

Malone filed a response to the no-merit letter, along with a motion to proceed *pro se*, with PCRA counsel serving as standby counsel. Following a hearing held on December 14, 2023, PCRA counsel's appearance was withdrawn and Malone was permitted to proceed *pro se*.

Malone filed an amended PCRA petition on February 1, 2024. Thereafter, the Commonwealth filed an answer, and Malone filed a reply. On September 26, 2024, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Malone's amended petition, without a hearing. Malone filed a response. By order entered January 29, 2025, the PCRA court denied

Malone's petition. This appeal followed. Both Malone and the PCRA court have complied with Appellate Rule 1925.[1]

Malone raises the following four issues on appeal:

I. Did the PCRA court err when and in the process of concluding that no merit was had in [Malone's] claim that trial counsel was ineffective for failing at the Rule 600 (Pa.R.Crim.P.) evidentiary hearing to dispute the documents which falsely stated [Malone] had waived Rule 600?

II. Did the PCRA court err when and in the process of concluding that no merit was had in [Malone's] claim that trial or pretrial counsel were ineffective for not seeking suppression of the evidence seized as a result of the search warrants unlawfully issued and executed?

III. Was [Malone's] sentence illegal due to all the counts, or the counts he was convicted of committing at the same location, not merging pursuant to 42 Pa.C.S. § 9765?

IV. Was [Malone's] sentence illegal due to being manifestly excessive or unreasonable in violation of the Pennsylvania Sentencing Code, or the Double Jeopardy, Due Process, Cruel and Unusual Punishment, or Just Compensation Clauses of the Constitution of the United States and this Commonwealth?

Malone's Brief at 3 (excess capitalization omitted).

This Court's standard of review for an order dismissing a PCRA petition is to ascertain whether the order "is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless

---

[1] For the first two issues Malone raised in his Rule 1925(b) statement, the PCRA court relied on its opinion prepared when issuing its Rule 907 notice. *See infra*.

there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. ***Commonwealth v. Blakeney***, 108 A.3d 739, 749-50 (Pa. 2014).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Carpenter***, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. ***Carpenter***, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived.

***Carpenter***, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Ineffective assistance of counsel is one basis for relief under the PCRA. In his first two issues, Malone asserts the ineffective assistance of his two prior attorneys.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness requires

rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Malone argues that pretrial counsel was ineffective for failing to object to documents submitted by the Commonwealth at the Rule 600 hearing. Initially, we note that this Court affirmed the trial court's denial of his Rule 600 motion on direct appeal. ***See Malone***, ***supra***. Thus, the underlying Rule 600 claim was previously litigated. In his amended PCRA petition, Malone asserted that the documents relied on by the Commonwealth to calculate his Rule 600 adjusted run date were not valid because they stated that Rule 600 had been waived, when Malone himself never agreed to do so.

The PCRA court found no merit to Malone's claim:

> As the Commonwealth noted in its Answer, counsel can request continuances on behalf of a defendant, and the defendant is bound by the actions of counsel. ***Commonwealth v. Wells***, 513 Pa. 463, 469, 521 A.2d 1388, 1391 (Pa. 1987). Appellate courts have explained that counsel may request continuances without the specific consent of the client because continuances are a matter of trial strategy within the reasonable purview of counsel. "To hold that counsel cannot unilaterally request continuances that delay the start of trial past the [Rule 600] limit would severely hamper [counsel's] ability to effectuate trial strategy." ***Commonwealth v. Walley***, 396 A.2d 1280, 1283 (Pa. Super. 1978).
>
> Moreover, [Malone] concedes in his Amended Petition that both the trial court and the Superior Court held that he caused periods of delay that were excludable under Rule 600. Amended Petition at 5. [Malone] citing ***Commonwealth v. Star[r]***, 664 A.2d 1326 (Pa. 1995), argues that [the PCRA] court should depart from those holdings because they are "so clearly erroneous that it would create a manifest injustice if followed." We disagree. It is well established that "[c]ounsel will not be found ineffective for failing to raise a meritless claim." ***Commonwealth v. Brown***,

649 Pa. 293, 328, 196 A.3d 130, 151 (Pa. 2018). Accordingly, [Malone's] first claim is without merit.

Rule 907 Order and Notice to Dismiss, 9/26/24, at 8.

Our review of the record supports the PCRA court's conclusions. At the Rule 600 hearing, pretrial counsel did not contest the multiple waivers of Rule 600 time limitations that he entered on Malone's behalf.

Malone's claims to the contrary are unavailing. He asserts that the PCRA court did "not give due consideration to the Requests for Admissions that the District Attorney and defense counsel conceded to" or "hold an evidentiary hearing to afford [him] a full, fair and meaningful opportunity to address the material issues in dispute about whether counsel had intentionally or mistakenly failed to dispute the Commonwealth's exhibits at the Rule 600 hearing[.]" Malone's Brief at 4.

Included in the certified record is a *pro se* letter from Malone that he sent to both the county clerk of courts and the district attorney. This letter, which he titled "Request for Admissions," consists of fifty-nine numbered statements in which Malone raised various claims, including the assertion that neither he nor his prior counsel "had orally or by hand-written signature, waived Rule 600[.]" According to Malone, the failure of the district attorney or prior counsel to respond this request equated to their conceding his claim to be true.

Malone cites no procedural rule or relevant case law to support his claim that the district attorney's failure to respond results in a concession. Indeed, there is no indication in the record that either of his prior counsel received this document. Because this claim is undeveloped, we will not consider it further. *See Commonwealth v. Tielsch*, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

Moreover, Malone's reliance on the statement in *Commonwealth v. Harth*, 252 A.3d 600 (Pa. 2021), that the Commonwealth must establish that it acted with due diligence throughout the history of the case does not entitle him to relief. Here, the Commonwealth's due diligence is not in question because Malone's counsel admitted to the authenticity of the Rule 600 waivers. Thus, Malone's first issue warrants no relief.

In his second issue, Malone asserts that his prior attorneys were ineffective for failing to file a suppression motion. The decision whether to litigate a suppression motion is left to counsel in the exercise of his or her professional judgment. *Commonwealth v. Johnson*, 179 A.3d 1153, 1160 (Pa. Super. 2018). When a defendant contends that counsel was ineffective for not filing a suppression motion, "the inquiry is whether the failure to file the motion is itself objectively unreasonable, which requires a showing that the motion would have been meritorious." *Id.*

Here, Malone cannot meet this burden. The charges brought against Malone by the Commonwealth were based primarily on evidence seized after

obtaining multiple search warrants for storage units, his home, his car, his bank accounts, and his post office boxes.

When reviewing a magistrate's decision to issue a search warrant, this Court is obligated to "ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Commonwealth v. Manuel*, 194 A.2d 1076, 1081 (Pa. Super. 2018) (*en banc*) (citation omitted). "In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner." *Id.*

The legal principles courts follow when reviewing the sufficiency of probable cause affidavits supporting the issuance of search warrant are well-settled. As we summarized in *Manuel*:

> Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a "totality of the circumstances" test as set forth in *Illinois v. Gates*, [462 U.S. 213 (1983)], and adopted in *Commonwealth v. Gray*, 503 A.2d 921 (1985). A magistrate is to make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." The information offered to establish probable cause must be viewed in a commons sense, nontechnical manner. Probable cause is based on the finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding or probable cause.

*Id.* (citation omitted)   Moreover, "[i]n determining whether the warrant is supported by probable cause, the magistrate may not consider any evidence outside the four-corners of the affidavit." *Commonwealth v. Ryerson*, 817 A.2d 510, 513 (Pa. Super. 2003) (citation omitted).[2]

Here, the PCRA court rejected Malone's various claims and thoroughly reasoned as follows:

> In his Amended Petition, [Malone] argues that the search warrants issued in his case are defective, and that the information used to obtain the warrants was not sufficient to establish probable cause.   [Malone] also categorizes some of the information as "false," "fabricated," and "illegally obtained."   As the Commonwealth noted in its Answer, [Malone] "conflates simple typographical errors with [material] misstatements of facts and discounts the Officer's training and experience as well as the cooperation of the [c]onfidential informants."
>
> Specifically, [Malone] first alleges that law enforcement illegally learned that a storage unit belonged to him by contacting the storage facility without first obtaining a warrant.   However, the Pennsylvania Supreme Court held that a person's name and address are not constitutionally protected.   *Commonwealth v. Duncan*, [817 A.2d 455, 469 (Pa. 2003)].   The case that [Malone] relies upon in his Amended Petition, *Commonwealth v. DeJohn*, 403 A.2d 1283 (Pa. 1079), was discussed at length in [*Duncan*.]

---

[2] To the extent Malone cites *Commonwealth v. James*, 69 A.3d 180 (Pa. 2013), to support his claim that a trial court may look beyond the four corners of the affidavit, he misapprehends the distinction "between review of the [magisterial district judge's] probable cause determination and a review of a challenge to the statements in the affidavit itself." *James*, 69 A.3d at 189. *See also Commonwealth v. Gould*, 187 A.3d 9027, 940 (citing *James* for the proposition that a defendant's claim that his constitutional rights were violated in the accumulation of evidence used in the affidavit must be resolved with evidence beyond the affidavit's four corners; the goal of this inquiry is not to determine probable cause, but to determine whether a fact in the affidavit would be included or stricken when determining probable cause).

[**DeJohn**] dealt with subpoenas for bank records, which the Commonwealth conceded were illegally obtained. Our Supreme Court distinguished **DeJohn** because it dealt with records that revealed more than the identity of the customer. [**Duncan**, 817 A.2d at 463]. Accordingly, [Malone's] reliance on **DeJohn** is misplaced in the instant case.

Next, [Malone] argues that the affidavit of probable cause for the search warrant for storage unit 1027 lacks specificity because it does not provide a time period for when the confidential source obtained the information that he provided.

\*\*\*

As the Commonwealth noted in its Answer, [Malone's] argument asks the court to ignore the surrounding paragraphs of the affidavit of probable cause[.] An examination of the totality of the circumstances contained within the four corners of the search warrant application reveals that the issuing authority had a substantial basis for concluding that probable cause existed. Therefore, this claim is without merit.

[Malone] also argues that the use of the term "suspected" regarding the controlled substance renders the warrant invalid. In addition, he contends that the basis of the confidential sources' knowledge was not provided. [Malone] alleges that the information about the confidential sources was "fabricated." He also takes issue with how controlled drug buys were conducted, and how the police conducted surveillance. These contentions are dispelled by reading the affidavit in a common sense, non-technical manner.

Moreover, none of [Malone's] self-serving allegations establishes that the affidavit of probable cause contains deliberate and material misstatements that would invalidate the warrant. **See Commonwealth v. Baker**, 24 A.3d 1006, 1018 (Pa. Super. 2011), [*affirmed*, 78 A.3d 1044 (Pa. 2013)]. As previously stated, an examination of the totality of the circumstances contained within the four corners of the search warrant application reveals that the issuing authority had a substantial basis for concluding that probable cause existed. Finally, [Malone's] argument that the warrants for 839 N.8th Street, the 2011 Infiniti, Storage Unit 3B007, his BB&T bank accounts, and his Post Office Boxes are invalid must also fail because, as discussed above, his name and address were not obtained illegally. Accordingly, [Malone's] claim that counsel was ineffective for failing to file pretrial motions to

suppress the evidence seized pursuant to the warrants is also without merit.

Rule 907 Notice, 9/26/24, at 10-13 (some citations omitted).

Our review of the relevant affidavit of probable cause supports the PCRA court's conclusions. In arguing to the contrary, Malone essentially reiterates some of the claims addressed by the PCRA court, and, in doing so, takes certain sections of the respective warrants out of context and ignores a review of the "totality of the circumstances" supporting probable cause. *Manuel*, *supra*.[3] Instead, Malone has presented a hyper-technical reading of the affidavit, and thereby failed to establish that the trial court would have granted a motion to suppress had one been filed. *Johnson*, *supra*. Thus, Malone's second issue claiming ineffectiveness of counsel fails.

In his third issue, Malone challenges the legality of his sentence based upon his claim that his convictions should have merged for sentencing purposes because they occurred at the same location. A challenge to the legality of a sentence can never be waived, and may be raised in a timely first PCRA petition. *See generally*, *Commonwealth v. Hernandez*, 328 A.3d 1159 (Pa. Super. 2024).

---

[3] Moreover, in *Manuel*, this Court found insufficient probable cause to support the issuance of a search warrant largely because the police did not do any follow-up investigation. *Manuel*, 194 A.3d at 1086. Here, the probable cause affidavit includes a detailed description of the investigation the police undertook after receiving information from two confidential informants before they sought the search warrants.

In his direct appeal, this Court affirmed the trial court's rejection of Malone's merger claim by citing with approval the trial court's thorough discussion of the merger question, including the trial court's consideration of Section 9765 of the Judicial Code. *See Malone*, *supra*. Thus, as the issue was previously litigated under the PCRA we will not consider it further. *Carpenter*, *supra*.[4]

In his fourth and final issue, Malone presents a challenge to the discretionary aspects of his sentence. This claim is waived for two reasons. First, Malone did not raise this sentencing claim in his Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(vii).[5] Second, Malone could have challenged the discretionary aspects of his sentence in his direct appeal. Thus, any such claim is waived under the PCRA. *Carpenter*, *supra*.[6]

_____

[4] The fact that Malone presented a somewhat different theory regarding merger in this appeal does not alter our conclusion. *See Commonwealth v. Santiago*, 855 A.2d 682, 697 (Pa. 2004) (explaining an appellant cannot obtain post-conviction relief by presenting new theories of relief to support previously litigated claims).

[5] Although Malone filed a petition for permission to supplement his Rule 1925(b) in order to include the issue, this occurred after the PCRA court prepared its Rule 1925(a) opinion. Thus, as the PCRA court did not address the discretionary challenge, Malone is inappropriately raising it for the first time on appeal. *See generally*, Pa.R.A.P. 302(a).

[6] To the extent Malone's claims to challenge the legality of his sentence, we note that his supporting argument consists of one paragraph containing no analysis of the enumerated constitutional clauses. Thus, we will not consider these claims further. *Tielsch*, *supra*.

In sum, Malone's ineffectiveness claims fail because they lack arguable merit, and his sentencing claims do not entitle him to post-conviction relief. Thus, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/04/2025