J-S59030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO LUIS COLON | : | |
| | : | |
| Appellant | : | No. 1333 EDA 2017 |

Appeal from the PCRA Order October 21, 2014
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0005246-2009

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                  **FILED OCTOBER 29, 2018**

Pedro Luis Colon appeals from the order, entered in the Court of Common Pleas of Lehigh County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Upon careful review, we affirm.

On February 4, 2011, Colon was convicted by a jury of three counts of attempted homicide and four counts of aggravated assault.  The trial court, sitting without a jury, convicted him of one count of persons not to possess a firearm.  On April 4, 2011, the court sentenced Colon to an aggregate sentence of 26 to 60 years' incarceration.  Post-sentence motions were denied, and Colon appealed his conviction to this Court.  On July 10, 2012, this Court affirmed Colon's judgment of sentence and, on March 21, 2013, his petition for allowance of appeal was denied by our Supreme Court.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On March 31, 2014, Colon filed a *pro se* PCRA petition. By order dated April 1, 2014, the court appointed counsel and, simultaneously, issued notice of its intent to dismiss Colon's petition as untimely, pursuant to Pa.R.Crim.P. 907. On April 30, 2014, court-appointed counsel filed a response to the PCRA court's Rule 907 notice, asserting that Colon's petition was, in fact, timely. The PCRA court agreed, and granted appointed counsel 30 days to file an amended petition, which counsel filed on June 4, 2014. A hearing was held on October 14, 2014, and, by order dated October 21, 2014, the PCRA court denied relief.

This timely appeal follows, in which Colon raises the following issues for our review:

> [1. The PCRA court erred in] failing to find counsel ineffective for failing to properly advise [him] about the advantages of the plea offers.
>
> [2. The PCRA court erred in] failing to find counsel ineffective for improperly advising that [Colon] was facing only 20 to 40 years if found guilty at trial.
>
> [3. The PCRA court erred in] failing to find counsel ineffective for failing to investigate witnesses.
>
> [4. The PCRA court erred in] failing to find counsel ineffective for failing to introduce into evidence the actual police reports which contradicted the testimony and challenged the credibility of the testifying police officer.
>
> [5. The PCRA court erred in] failing to find counsel ineffective for stipulating to the injuries of the alleged victim[,] thereby stipulating to an element of the crime for which [Colon] was on trial.

Brief of Appellant, at 6.

- 2 -

We begin by noting that our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010). The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. *Id.*

Colon's claims all involve allegations of ineffectiveness of counsel. "It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012), citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). To prove that counsel was ineffective, a petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) he was prejudiced by counsel's act or omission. *Koehler*, 36 A.3d at 132. Failure to prove any prong of this test will defeat an ineffectiveness claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

Colon's first two claims allege counsel's ineffectiveness in advising him regarding a possible plea. Specifically, Colon claims that counsel convinced him to reject two plea offers – one with a sentence of 7 to 15 years' imprisonment tendered prior to trial and the other promising an 8-year

minimum sentence offered after trial had commenced – because counsel told Colon he believed that he "had a chance to win" at trial. **See** N.T. PCRA Hearing, 10/14/14, at 17. Colon also asserts that his decision to reject the Commonwealth's plea offers was influenced by counsel's repeated assurances that he faced a maximum possible sentence of no more than 20 to 40 years' imprisonment, when, in actuality, he faced a maximum aggregate sentence of at least 45 to 90 years' incarceration.[2] Colon's claim is meritless.

"Generally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer." **Commonwealth v. Marinez**, 777 A.2d 1121, 1124 (Pa. Super. 2001). Failure to do so may be considered ineffectiveness of counsel if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain. **Id.**

Here, Colon's trial counsel, Charles Banta, Esquire, testified at the PCRA hearing that, upon receiving the plea offer, he reviewed with Colon the charges against him and the accompanying maximum sentences. **See** N.T. PCRA Hearing, 10/14/14, at 37. With regard to plea offers generally, Attorney Banta testified as follows:

> A: My general procedure is when I have a plea offer and I discuss it with my client, I go over the criminal information. We talk about the minimums and maximums on each charge and the standard ranges for each charge. I also discuss the fact that if it's left to the Court, the Court has the discretion to sentence either

---

[2] Ultimately, after proceeding to trial, Colon received an aggregate sentence of 26 to 60 years' imprisonment.

consecutively or concurrently. I go into the exact sentences that would arise as a result of either, like, a standard range sentence running concurrently or consecutively and so on.

*Id.* Attorney Banta indicated that there was no doubt in his mind that Colon understood his sentencing exposure. *Id.* at 39. He further testified that he did not recall Colon ever indicating a desire to plead guilty, and that he discussed with Colon the strengths and weaknesses of his case. *Id.* at 39. Finally, Attorney Banta testified that he maintains a "very, very strict policy" that it is for the client to decide whether to accept a plea, and that he would not predict for a client his chances at trial. *Id.* at 47.

The trial court credited Attorney Banta's testimony, *see* PCRA Court Opinion, 10/21/14, at 7, and concluded that he was not ineffective with respect to the advice he rendered with respect to Colon's plea offers. Where, as here, the PCRA court's credibility determination is supported by the record, we will not disturb it on appeal. *Commonwealth v. Harmon*, 738 A.2d 1023, 1025 (Pa. Super. 1999).

Colon next asserts that counsel was ineffective for failing to investigate potential witnesses present in the McDonald's parking lot, the site of the shooting. Colon claims that additional witnesses would have cast doubt on already contradictory testimony regarding the appearance of the shooter.[3] Colon asserts that Attorney Banta made contact with one witness, Jonathan

---

[3] Some witnesses, as well as a police report prepared by Officer John Turcozi, stated that the shooter was dark-skinned, while Colon is a light-skinned Latino. There was also confusion as to whether the shooter was wearing a do-rag or had a ponytail.

Padia, but never subpoenaed him to testify. Colon argues that counsel's rationale for failing to subpoena Padia was unreasonable and that "counsel didn't even try." Brief of Appellant, at 15. Again, Colon is entitled to no relief.

To prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, an appellant must show: (1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness's existence; (4) that the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) that the absence of the testimony prejudiced appellant. *Commonwealth v. Fletcher*, 750 A.2d 261, 275 (Pa. 2000). Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense. *Commonwealth v. Auker*, 681 A.2d 1305, 1319 (Pa. 1996). Ineffectiveness for failing to call a witness will not be found where a defendant fails to provide affidavits from the alleged witnesses indicating availability and willingness to cooperate with the defense. *Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002), citing *Commonwealth v. Davis*, 554 A.2d 104 (Pa. Super. 1989).

At the PCRA hearing, Attorney Banta testified that, prior to trial, he spoke to people at McDonald's, who provided him with the name of an employee named Jonathan Padia, who had witnessed the incident, but had since joined the army. Counsel was able to locate Padia and confirm that he had been present during the incident, but after initial contact, Padia never

responded to counsel's further attempts to communicate with him. Attorney Banta testified that he did not attempt to subpoena Padia because he "knew from previous experience that I couldn't really subpoena somebody who was in the army because they didn't have to come." *See* N.T. PCRA Hearing, 10/14/14, at 42. In any event, counsel did not believe that Padia's testimony was necessary. As Attorney Banta testified:

> Q: [D]id you even know whether [Padia's] testimony would be beneficial to your client?
>
> A: Well, I had the police report from Officer Turcozi, which conflicted with what the other witnesses were saying. I mean, as far as I was concerned, it was a conflict because it indicated a dark-skinned male wearing dark clothing and wearing a black doo-rag [*sic*]. There was a lot of talk about the ponytail because he had gotten his hair cut. In fact, when I asked Officer Turcozi at trial, could you have been mistaken? Could it have been a ponytail? He said, absolutely not. It was a doo-rag [*sic*].
>
> So, I mean, to me, I had a police officer who was testifying on my behalf and five gang members who all were getting some kind of benefit testifying on behalf of the Commonwealth.

*Id.* at 42-43.

Colon has made no showing that any witness was prepared to cooperate and would have testified at trial on his behalf. *Fletcher*, *supra*. He failed to attach to his petition any affidavits from putative witnesses indicating their willingness an availability to testify. *Khalil*, *supra*. Moreover, Colon is unable to demonstrate that the testimony of other witnesses, including Padia, would have been helpful to his defense, or that the outcome of trial would have been different. *Auker*, *supra*. To the contrary, Attorney Banta was able to elicit testimony favorable to the defense from Officer Turcozi who, as a

Commonwealth witness and police officer, was far more impactful than any defense witness could have been. Accordingly, Colon is entitled to no relief on this claim.

Colon next asserts that counsel was ineffective for failing to introduce into evidence the police reports, "which contradicted the testimony and challenged the credibility of the testifying police officer." Brief of Appellant, at 15. However, in the sparse section of his brief devoted to this claim, Colon fails to identify the relevant information contained in the police report, or to specify which testimony he believes would be contradicted thereby. "When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." **Commonwealth v. Drew**, 510 A.2d 1244, 1245 (Pa. Super. 1986). Without an understanding of Colon's specific complaint, any attempt to address this claim would require us to engage in speculation, which we decline to do. As such, we are unable to engage in meaningful appellate review and this claim is waived. **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (where appellant fails to develop issue in any meaningful fashion capable of review, that claim is waived).

Finally, Colon alleges that counsel was ineffective for stipulating to the injuries of victim Faustio Britto. Colon argues that, by stipulating to the medical facts, counsel precluded confrontation of the witness and relinquished any factual basis for arguing that Britto suffered bodily injury, rather than

serious bodily injury, a finding which could have resulted in a lesser sentence. This claim is meritless.

To sustain a claim of ineffectiveness,

it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it. We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests. Thus, counsel's assistance is deemed constitutionally effective once we are able to conclude the particular course chosen by counsel had some reasonable basis designated to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record.

*Commonwealth v. Dunbar*, 470 A.2d 74, 77 (Pa. 1983) (internal citations omitted). Our evaluation of counsel's performance is "highly deferential." *Commonwealth v. Tharp*, 101 A.3d 736, 772 (Pa. 2014), quoting *Strickland*, 466 U.S. at 689.

Here, Attorney Banta testified that he did not believe it would be beneficial to Colon to allow the doctor to testify to Britto's injuries because, in his experience, doctors "tend to make it sound worse than it was" when testifying. N.T. PCRA Hearing, 10/14/14, at 41. Because Colon's defense was that he was not actually the shooter, Attorney Banta believed that stipulating to Britto's injuries would not adversely impact his client's case. Under the circumstances, counsel made a reasonable strategic decision designed to advance and protect his client's interests. *Dunbar*, *supra*. Accordingly, Colon is entitled to no relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/29/18