J-S27030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LINDSEY | : | |
| | : | |
| Appellant | : | No. 2 EDA 2020 |

Appeal from the PCRA Order Entered October 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010038-2017

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.*

MEMORANDUM BY McCAFFERY, J.:                     Filed: August 27, 2020

Anthony Lindsey (Appellant) appeals *pro se* from the order entered in the Philadelphia Court of Common Pleas dismissing his first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA), seeking relief from his guilty plea.  On appeal, Appellant argues PCRA counsel rendered ineffective assistance by filing a **Turner**/**Finley** letter of no merit and withdrawing from the case.[2]  We affirm.

The facts presented by the PCRA court are as follows:

_____

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> On or about September [29], 2017,[3] Philadelphia Police Officers observed [Appellant] making narcotics sales to multiple buyers at 1049 North 68th Street in Philadelphia . . . . Appellant then left that location in a vehicle. When officers searched Appellant incident to arrest they found twenty-three packets of cocaine, marijuana, and $40 in U.S. currency on his person . . . . A search of the vehicle uncovered $1,050 in U.S. currency . . . . When [officers] searched 10[4]9 N. 68th Street, officers recovered $300 in U.S. currency, marijuana, crack cocaine, cocaine, digital scales, and four firearms, at least three of which were loaded . . . .

PCRA Ct. Op., 1/16/20, at 1 (citations omitted). Appellant was arrested and charged with possession with intent to distribute a controlled substance[4] (PWID), four counts of persons not to possess firearms,[5] and related charges.[6] *Id*.

On January 25, 2018, Appellant entered an open guilty plea to one count of PWID and four counts of VUFA. PCRA Ct. Op. at 1. Before doing so, Appellant signed a written guilty plea colloquy form. Written Plea Colloquy, 1/25/18, at 1-3. Within the form, Appellant acknowledged that he committed the crimes he was charged with, knew he could be sentenced to a maximum term of 60 years of imprisonment, and knew he had a constitutional right to

---

[3] Some documents record the incident and arrest occurring on September 28, 2017. However, at the plea hearing, Appellant entered a guilty plea to his conduct on September 29, 2017. *See* N.T., 1/25/18, at 4.

[4] 35 P.S. § 780-113(a)(30).

[5] 18 Pa.C.S. § 6105(a)(1).

[6] Lesser included charges were nolle prossed, and one charge of possession of an instrument of crime, 18 Pa.C.S. § 907(a), was dismissed in Municipal Court.

proceed to trial. *Id.* Appellant signed the written colloquy form and pleaded guilty to the charges. *Id.*

On April 25, 2018, the trial court sentenced Appellant to an aggregate term of four to ten years of imprisonment for the PWID and three of the four VUFA charges. PCRA Ct. Op. at 1-2. On the fourth VUFA charge, the trial court sentenced Appellant to ten years of probation, to run consecutive to his confinement. *Id.* at 2. Appellant did not object to the facts read into the record at any point during his guilty plea or sentencing hearings.[7] *See* N.T. Guilty Plea Hr'g, 1/25/18, at 1-6; N.T. Sentencing Hr'g, 4/25/18, at 1-12. On April 30, 2018, Appellant filed a motion for reconsideration of sentence, which was denied by operation of law on August 24, 2018. PCRA Ct. Op. at 2. Appellant did not file a direct appeal. *Id.*

On April 8, 2019, Appellant filed a *pro se* petition pursuant to the PCRA. PCRA Ct. Op. at 2. PCRA counsel was appointed, and on September 25, 2019,

---

[7] The following exchange occurred at the sentencing hearing:

> The Court: All right, I'm sorry. Let's go. [Appellant] right of allocution.
>
> [Appellant's Counsel]: Is there anything you want to tell — say to the judge?
>
> [Appellant]: Your Honor, I did a bad thing to try and fix an ugly situation. It landed me here. I'm sorry, and I'm just pleading myself on your mercy. That's all.

N.T., Sentencing Hr'g 4/25/18, at 10.

PCRA counsel filed a ***Turner/Finley*** letter indicating that, "in his opinion, the issues set forth in Appellant's petition were without merit." ***Id.*** On September 30, 2019, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. ***Id.*** On October 28, 2019, the PCRA court formally denied and dismissed Appellant's petition. ***Id.***

Appellant filed a timely notice of appeal to this Court on November 18, 2019, and filed a timely concise statement of matters complained of on appeal per Pa.R.A.P. 1925(b) on December 9, 2019.

Appellant presents six issues for our review:

I.    Did the PCRA [c]ourt commit error in violation of [A]ppellant's Constitutional Rights when it allowed counsel to withdraw despite counsel's [***Turner/Finley***] letter being based upon a written guilty plea colloquy that was never authenticated nor entered into the record as evidence at the plea hearing which is required by [Pa.R.Crim.P.] 590?

II.   Did the PCRA court commit error when it accepted counsel's [***Turner/Finley***] letter and allowed counsel to withdraw where petitioner's claim that the plea was unknowing, unintelligent, and involuntary is clearly supported by the record where the PCRA court failed to inquire into five of the six mandatory subjects in Rule 590 where the PCRA court failed to inform the petitioner that he has a right to a jury trial, that he is presumed innocent, the permissible ranges of sentences and fines, that the judge is not bound by any argument, or the nature of the charges?

III.  Did the PCRA court commit an error of law and fact when it accepted counsel's [***Turner/Finley***] letter and allowed counsel to withdraw from the case where petitioner's claim that his plea was unknowing due to inadequate sentencing information is clearly supported by the record where the unauthenticated hearsay written guilty plea form establishes that the petitioner was misle[d] into believing his maximum penalty for the charges was sixty (60) years.

- 4 -

Appellant plead[ed] guilty to a violation of count of [PWID] and four counts of [VUFA]. Under 35 [P.S.] § 780-113(f)(1) & (1.1) the maximum penalty for the charge is 15 years or 10 years. The maximum penalty for the four counts of [VUFA] is 40 years. Thus, the maximum penalty for the charges were either 50 years or 55 years and not 60 years. As such, [Appellant's] plea was unknowing [and] unintelligently entered into where the trial court, counsel and the ADA misle[ ]d the petitioner into believing he was facing more prison time th[a]n he was actually exposed to for the charges he plead[ed] guilty to?

IV. Did the PCRA court commit an error of law and fact when it denied [Appellant's] claim that his plea counsel was ineffective for allowing the petitioner to enter into a plea that was unknowing [and] unintelligently entered into based in part on counsel's erroneous advice where, the trial court failed to inform the petitioner that he has a right to a jury trial, that he is presumed innocent, the permissible ranges of sentences and fines, that the judge is not bound by any argument, or the nature of the charges?

V. Did the PCRA court commit an error of law and fact when it denied [Appellant's] claim that his plea counsel was ineffective for allowing the petitioner to enter into a plea that was unknowing [and] unintelligently entered into based in part on counsel's erroneous advice that petitioner was facing more prison time th[a]n he actually was for the charges?

VI. Did all of the above stated errors violate[ A]ppellant's U.S. Constitutional Rights under the 5th, 6th, and 14th Amendments and his Rights under Art. 1 Sect. 9 of the Pa. Constitution?

Appellant's Brief at 4-5. As is explained below, most of these claims are waived, as they appear for the first time in Appellant's Concise Statement.

The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error . . . . The PCRA court's findings will not

- 5 -

be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Williams***, 220 A.3d 1086, 1090 (Pa. Super. 2019) (citation omitted). We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. ***Commonwealth v. Hanible***, 30 A.3d 426, 438 (Pa. 2011). A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Appellant presents six issues that all relate to his main argument that he received ineffective assistance of counsel. ***See*** Appellant's Brief at 7-10.[8] Appellant alleges that the PCRA court erred in denying his petition because trial counsel allowed him to enter into an open guilty plea when the written guilty plea colloquy was never authenticated nor entered into the record as evidence at the plea hearing, as required by Pa.R.Crim.P. 590. Appellant's Brief at 8. Appellant argues that his guilty plea was unknowing, unintelligent,

---

[8] Appellant makes some allegations of ineffectiveness for the first time in his brief. For instance, he alleges that he directed counsel to file an appeal immediately after his sentence was imposed. Appellant's Brief at 8. As this allegation is raised for the first time in his brief, it is waived. "It is axiomatic that claims not raised in the trial court may not be raised for the first time on appeal." ***Commonwealth v. Johnson***, 33 A.3d 122, 126 (Pa. Super. 2011) (citation omitted).

and involuntary because the trial court failed to inform him that he was presumed innocent and had a right to a jury trial. *Id.* In addition, Appellant contends that the trial court never informed him of the permissible range of sentences and fines, or that the court was not bound by any argument or by the nature of the charges. *Id.* He also argues that he was misinformed as to the potential maximum sentence he could face. *Id.* at 18.

The standard of review for Appellant's burden of proving counsel ineffective is as follows:

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*See Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted). Appellant must prove in an ineffectiveness claim that his counsel's strategy was "so unreasonable that no competent lawyer would have chosen it." *See Commonwealth v. Dunbar*, 470 A.2d 74, 77 (Pa. 1983). Prejudice can be established by a showing that, but for counsel's faulted action or omission, there exists a reasonable probability that the outcome would have been different. *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999).

This Court first addresses the issue of the legitimacy of Appellant's guilty plea. Issues surrounding a guilty plea that did not arise from ineffectiveness of counsel are waived if "trial counsel failed to preserve [them] by objecting at the sentence colloquy or otherwise raising [them] at the sentencing hearing or through a post-sentence motion." **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002) (citations omitted). An appellant who raises an ineffectiveness claim in relation to his guilty plea may obtain relief "only if the ineffectiveness caused [him] to enter an involuntary or unknowing plea." **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa. Super. 2010) (citations omitted). This Court examines the totality of circumstances to determine whether a plea was valid. **Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001).

Appellant contends that the written guilty plea colloquy he signed "was never authenticated nor entered into the record as evidence of what the [A]ppellant was informed of in the court below." Appellant's Brief at 11. Initially, we note that Appellant is simply mistaken, and his written colloquy is part of the record. Appellant did not object to the plea colloquy at the hearing, file a motion to withdraw the plea, or challenge the colloquy with a direct appeal. It is clear from the record that Appellant understood the rights he was waiving. Appellant signed every page of the written colloquy, which listed the rights and defenses he was waiving and confirmed that he read and understood the colloquy. **See** Written Plea Colloquy, 1/25/18, at 1-3. At the

sentencing hearing, Appellant stated that "I did a bad thing to try and fix an ugly situation. It landed me here. I'm sorry, and I'm just pleading myself on your mercy." N.T., Sentencing Hr'g of 4/25/18, at 10. This statement reflects that Appellant understood his guilty plea and that his sentence was left to the discretion of the trial court.

Appellant is also mistaken in his assertion that he was misinformed as to the potential maximum sentence. He claims that the maximum sentence possible was 50 or 55 years rather than 60, as he was informed during his plea proceedings. Appellant's Brief at 18-20. He then argues that if it is true (and it is) that he was accurately informed that his possible sentence was 60 years, then his colloquy was nevertheless faulty because he was not informed as to why it was 60 years rather than 55. Because Appellant is a repeat offender under 35 P.S. § 780-115(a), the trial court correctly calculated his maximum possible sentence, and this argument fails.

The written guilty plea colloquy form establishes that Appellant knew he could be imprisoned for up to 60 years and that no one promised him anything different. Written Plea Colloquy, 1/25/18, at 1. Appellant concludes that altogether, he "would only be facing a maximum sentence of either [50] years or [55] years and not [60] years." Appellant's Brief at 18. In support of his argument, Appellant relies on sentencing provisions set forth in 35 P.S. § 780-113(f)(1) and (1.1). Appellant's Brief at 18-19. "However, as a repeat drug offender, [Appellant] is [also] subject to the provisions listed in 35 Pa.C.S. §

780-115(a), which sets the maximum possible sentence for Appellant's PWID charge at twenty years of confinement." PCRA Ct. Op. at 6. Therefore, the written guilty plea colloquy correctly accounts for the maximum sentence Appellant could face, which is 60 years of imprisonment.[9]

In addition, all of Appellant's claims as to supposed flaws in his guilty plea proceedings could have been raised, but were not, in a direct appeal. He never claimed (prior to allegations made in his brief in this matter) he requested but was denied a direct appeal, and never alleged that plea counsel should have objected during his plea proceedings.[10] To be eligible for relief, Appellant must prove that he meets the requirements of 42 Pa.C.S. § 9543, including that "the allegation of error has not been previously litigated or waived." *See* 42 Pa.C.S. § 9543(a)(3). Any claims that could have been raised earlier, in a motion before the sentencing court or on direct appeal, are now waived.

---

[9] We note that the criminal complaint filed in this matter included a notice that Appellant "may be subject to the enhanced sentencing provisions" for recidivist drug offenders. *See* Criminal Complaint, 9/28/17, at 1.

[10] Appellant makes some allegations of plea counsel error in his *pro se* petition, but has not pursued them on appeal or preserved them for our review. *See* Appellant's PCRA Petition, 4/8/19, at 3-4. The gravamen of his complaint at that point was that counsel did not warn him that he could receive a longer sentence in an open plea than was specified in the Commonwealth's plea offer. *Id.*

Appellant did file a post-sentence motion in which he asked for a lower sentence. **See** Appellant's Motion for Reconsideration of Sentence, 4/30/18, at 3-5 (arguing that the sentence imposed was harsher than necessary). However, he did not raise any alleged defects in the plea proceedings; nor did he request to withdraw his plea. Thus, he has waived any claim as to the supposed defects in his plea proceedings except inasmuch as he has pled them as ineffectiveness claims in his PCRA petition.

Appellant never amended his PCRA petition, and never filed objections upon receipt of the PCRA court's Rule 907 notice.[11] For this reason, any claim not included in his initial *pro se* petition is waived, as it was raised for the first time in his Rule 1925(b) statement. **See** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); **Commonwealth v. Spotz**, 18 A.3d 244, 320 (Pa. 2011) (issues raised for first time after PCRA court denied petition are waived).

The only potentially preserved claim is that "plea counsel was ineffective where he allowed [Appellant] to enter into a plea that was unknowing, unintelligent and involuntarily entered." **See** Appellant's PCRA Petition,

---

[11] The docket reflects that the Rule 907 notice was sent on September 30, 2019. The PCRA court received a letter from Appellant, dated and docketed as of October 25, 2019. In the letter, Appellant made an informal request for a continuance so he can appeal counsel's No-Merit Letter. The PCRA court dismissed the petition three days later, on October 28th. The letter did not contain a request to amend his pleadings or otherwise add issues not raised in the *pro se* petition, with the exception of Appellant's dispute with the No-Merit Letter.

4/8/19, at 3. The only supporting fact listed thereunder was Appellant's allegation that plea counsel failed to warn him that he might receive a longer sentence under an open plea than under the negotiated plea agreement offered by the Commonwealth. This claim, however, directly contradicts the signed written plea colloquy Appellant signed during his plea proceedings. *See* Written Plea Colloquy, 1/25/18, at 1.

Based on the foregoing, we agree with the decision of the PCRA court; thus, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/20